\* LANCASTER *v.* FISHER.

(*Nashville.* January 5, 1895.)

SUPREME COURT PRACTICE. *Motion for new trial not required, when.*

Although no motion for new trial was made in the Court below, this Court will, under proper assignments of error, pass upon the sufficiency of the facts to support the judgment in a law case tried by the Judge without the intervention of a jury. *Aliter* in cases tried by jury.

Cases cited and distinguished: Wells *v.* Mosely, 4 Cold., 402; Mumford *v.* Railroad, 2 Lea, 394; Morgan *v.* Bank, 13 Lea, 234; Insurance Co. *v.* Crunk, 91 Tenn., 376.

FROM SMITH.

Appeal from Circuit Court of Smith County. W. T. SMITH, J.

TURNER & SMITH for Lancaster.

T. J. FISHER for Fisher.

BEARD, J. This cause was tried by the Circuit Judge without the aid of a jury. It is unnecessary to state the facts, as the record presents but one question of any interest, and that is one of correct

---

\* The Court reserves the question whether motion for new trial would be required in a case like this one, if such motion was required to be made in all cases by the rules of the lower Court.—REPORTER.

practice in the Court below. There was no motion for a new trial made in that Court, and the defendant in error (the plaintiff below) now insists that, in any event, the action of the trial Judge would be conclusive, from the failure of the plaintiff in error to make this motion in the Circuit Court and to have it there acted upon. In other words, the position assumed is, that this Court, on appeal, applies the same rule in cases submitted to the trial Judge without the intervention of a jury, as in those which are tried by a jury, and that, in all alike, to put the Circuit Judge in error, there must have been a motion for a new trial, and the record must show that this motion was overruled. As the argument of the counsel in this case, as well as suggestions made by counsel in other cases, indicate some misapprehension on this subject, we deem it best to announce here distinctly what is the rule in this State.

It is assumed by the defendant in error that the cases found in 4 Cold., 405; 2 Lea, 397; 13 Lea, 239, and 7 Pickle, 376, sustain his position. This being so, it becomes necessary briefly to examine them.

*Wells* v. *Mosely*, 4 Cold., 402, was a jury case. In that case, there was no motion for a new trial, but, on appeal, this Court reversed and remanded it, for errors of law committed by the Court below, which were apparent on the face of the record, and which affected the merits of the controversy. In

course of the argument made against the insistence of the defendant in error, that, in the absence of such a motion, there could be no reversal for any cause, this Court makes the proper and evident distinction between a case where errors of law apparent are complained of, and a case in which the action of the jury on the facts is the ground of objection, and says in this latter case: "This Court cannot reverse the judgment and grant a new trial, unless the Court below had been asked to correct the error and had refused to do so. And in such case, the refusal of the Court to set aside the verdict and grant the new trial, is the error for which this Court will reverse." The authority of this case, so far as the rule in question is concerned, is, by its express terms, as well as upon well settled principles, to be confined to cases in which jury trials have taken place. There is nothing in the opinion to indicate that it was the purpose of the Court to give it wider scope.

*Memphis* v. *Railroad,* reported in 2 Lea, 394, was tried by the Circuit Judge, sitting without a jury. In the course of the opinion of this Court, it is said in passing: "No motion having been made in the Court below for a new trial, if there had been a jury, there could be no error assigned upon the facts, and we take it the same rule must be held to apply when a jury is waived, and the Judge acts both as Judge and jury." Whether the point had been presented in argument of counsel, or

whether it was a suggestion of the learned Judge, made of his own motion, does not appear. However made, it evidently had received no serious consideration, and a judgment upon it was in no way essential to the determination of the case. Without regard to what would be the proper rule in a nonjury case where the error complained of was one of fact, in the case then being considered the Court found apparent, on the face of the record, errors of law, and for these alone it reversed the judgment of the Court below. The expression above quoted, and which defendant in error relies on in support of his position, being unnecessary to the decision of the case, was a mere dictum, and of no binding authority.

In *Morgan* v. *Bank,* 13 Lea, 234, there is found once more a dictum on this subject. In that case, it seems to have been argued by the defendant in error, as in the case at bar, that there could be no review of the action of the trial Judge trying the case without a jury, because there had been no motion for a new trial in the Circuit Court; and, to this contention, this Court, speaking through Judge Deaderick, says: "As to this last proposition, it is correct; but, as we understand the case, the errors complained of are errors of law; and, if errors of law apparent from the record, they might be corrected although no new trial was asked;" and the Court thereupon proceeds to reverse the judgment of the Court below

for errors of law committed in the trial of the cause.

The last case relied on by the defendant in error is *Insurance Co.* v. *Crunk*, 7 Pickle, 376. That, however, was a jury case. In that, the record showed a motion for a new trial and in arrest of judgment, and it was insisted that, inasmuch as a motion in arrest overruled a motion for a new trial, it was as if the latter motion had not been made, and therefore the errors assigned could not be considered on appeal. But this was held to be immaterial, and the Court then restated, in more succinct form, the rule as originally announced in this State in *Wells* v. *Mosely, supra,* and proceeded to dispose of the case upon the errors of law assigned.

Thus, it will be seen that the cases which are relied upon by defendant in error do not support his contention, save only as such support may be found in the dicta of the two non-jury cases. In passing, it may be proper to state that these dicta were not embraced in the syllabus of either one of these cases, nor in the index, nor have they been carried forward into our digests, so far as we can discover. Upon the other hand, the practice has been uniform with the present Court and its immediate predecessors at least, to dispose of all cases appealed from the judgments of the Circuit Judges, rendered without the aid of juries, upon assignments of error, both of law and fact, whether motions for new trials were made in the Court below or not.

That this is a proper practice, a little consideration will make clear. In a trial by jury, the Judge, as the presiding officer of the Court, exercises a supervisory power over the pending proceedings. He passes on the questions of the competency or incompetency of the offered testimony; he confines this testimony to the issues involved, and finally gives in charge to the jury what he understands to be the law of the case. The whole trial passes under his trained and watchful observation. He sees the demeanor of both witnesses and the jury, and his experience makes him especially capable of determining the value of the testimony of the one, and whether the verdict of the other has been to any extent influenced by prejudice or any other improper or corrupt motive, or is the result of ignorance or inconsiderateness.

In addition, as was said by Lord Mansfield in *Bright* v. *Eynan*, 1 Burr., 394, "most general verdicts include legal consequences as well as propositions of fact, and in drawing these consequences the jury may mistake and infer directly contrary to law, and no one is in so good a position to discover this mistake as the Judge presiding at the trial."

It is therefore altogether proper that, in all cases where it is insisted the right has not been reached by the jury's verdict, the Judge conducting the trial should first be given an opportunity to determine whether justice demands another trial before a differ-

ent jury, and that, failing to ask this opportunity, the appealing party will not be heard to complain of errors of fact in this Court. But it is otherwise where the trial occurs before the Judge sitting without a jury. He is no longer a mere supervisor so far as the facts are concerned, but he is the judge of the law and the facts. It is to be assumed that he conducts the trial of the cause intelligently, honestly, and deliberately. The judgment, when rendered, is his on all the issues presented in the case, and it will be presumed that it embodies his best conclusions on these issues. This being so, it would be an idle ceremony for this Court to require, as a prerequisite to an appeal from such a judgment, that the trial Judge should first be called on, through motion for new trial, to correct it. Whether this would be so where the record disclosed the fact that the Circuit Judge had adopted as one of the rules of his Court that motions for new trial should be made in all cases, and that in the case presented no such motion was made, we do not now determine.

That, however, is not this case, as the record gives no intimation of the existence of such a rule of practice in the lower Court. We therefore have considered the errors of fact as well as of law assigned, notwithstanding the absence of a motion for new trial, and now affirm the judgment of the Circuit Judge.