Barr *v.* Railroad.

---

## BARR *v.* RAILROAD.

### (*Knoxville.* October 27, 1900.)

**1. NEW·TRIAL.** *Motion for, not essential, when.*

Motion for new trial is not essential to a review of the facts on appeal in a law cause tried by the Court without intervention of a jury. (*Post, p. 545.*)

Case cited: Lancaster *v.* Fisher, 94 Tenn., 222.

**2. BILL OF EXCEPTIONS.** *Not essential, when.*

Bill of exceptions is not essential to a review by this Court, on appeal, of the lower Court's action on a demurrer to the evidence. The demurrer must incorporate the evidence, and, when filed, becomes part of the record without more. (*Post, pp. 545, 546.*)

Cases cited: Hopkins *v.* Railroad, 96 Tenn., 410; Summers *v.* Railroad, 96 Tenn., 459; Artenberry *v.* Railroad, 103 Tenn., 266; Mitchell *v.* Railroad, 100 Tenn., 329.

**3. NEGLIGENCE.** *Contributory, that defeats action.*

If both parties are guilty of fault or negligence that contributes directly and proximately to cause plaintiff's injury, he cannot recover. (*Post, pp. 546, 547.*)

Case cited: Saunders *v.* Railroad, 99 Tenn., 135.

**4. SAME.** *Same. Case in judgment.*

Where the plaintiff, an employee in woolen mills, in passing from her place of employment to dinner, found defendant's train obstructing the street crossing, in violation of a city ordinance, and in attempting to cross over the train without permission, instead of waiting for the train to move, became frightened by a sudden and unexpected jerk of the train, and

Barr v. Railroad.

jumped from the car, injuring herself, she cannot recover, as her negligence contributed with defendant's directly and proximately to the injury. (*Post, pp. 546, 547.*)

FROM M'MINN.

Appeal in error from the Circuit Court of Mc-Minn County. J G. PARKS, J.

V. C. ALLEN, and IVENS, GASTON & MADISON for Barr.

BURKETT & MILLER, and HARBISON & ROBERTS for Railroad Company.

CALDWELL, J. Action of damages for personal injuries; demurrer to evidence sustained and suit dismissed, and appeal in error by plaintiff.

1. The defendant's motion to affirm because no motion for new trial was made below, is overruled. A motion for a new trial is not a prerequisite to an appeal in error, when the case is tried by the Court without the intervention of a jury, as was done in this instance. *Lancaster* v. *Fisher*, 94 Tenn., 222.

2. The motion to affirm because there is no bill of exceptions is likewise overruled. Every demurrer to the evidence must incorporate the evidence (*Hopkins* v. *Railroad*, 96 Tenn., 410; *Sum-*

21 P—35

*mers* v. *Railroad,* Ib., 459; *Artenberry* v. *Railroad,* 103 Tenn., 266), and when filed the demurrer in full becomes a part of the record without more. Hence a bill of exceptions is not necessary to a review of such demurrer in this Court. *Mitchell* v. *Railroad,* 100 Tenn., 329.

3. The plaintiff's assignment of error upon the action of the trial Judge in sustaining the defendant's demurrer to the evidence is not well founded. The evidence does not disclose any legal responsibility on the part of the defendant for the injuries sued for. The substance of the evidence, with proper legal deductions and inferences therefrom, is that the plaintiff, when going from her work at the woolen mills at Sweetwater to her dinner, found one of the defendant's freight trains standing on the track across the street on which she was rightfully accustomed to travel; that, rather than take the risk of being so delayed as to be tardy in returning to her afternoon task, she attempted, without permission or notice, to cross the obstructing train after her companion, and, while passing over one of its flat cars was, by its sudden and unexpected movement, frightened and caused to jump to the ground in the direction in which she was going, thereby breaking one of her legs and sustaining the injuries for which she sues; that the defendant, in so obstructing the street for the period of fifteen minutes violated an ordinance of the

Barr *v.* Railroad.

town and became subject to a municipal fine of from \$2 to \$50.

Thus a deplorable misfortune is undoubtedly revealed, but it is the product of the concurring negligence of the plaintiff and the defendant. The defendant's negligence in obstructing the plaintiff's rightful passage upon the public highway did not justify her negligence in attempting to pass over the train. They were both in fault, and the fault of one concurred directly and proximately with that of the other in producing the injury. It is not a case of proximate negligence on the part of the defendant and remote negligence on the part of the plaintiff, in which the latter's fault goes merely in mitigation of damages; but it is a case of proximate negligence on the part of both, in which the latter's fault absolutely bars her action. *Saunders* v. *City and Suburban Railroad Co.,* 99 Tenn., 135, and citations.

Affirmed.