CHATTANOOGA IRON & COAL COMPANY *v.* SAM F. HANSSARD.

(*Knoxville.* September Term, 1920.)

APPEAL AND ERROR. Motion not spread on minutes nor included in bill of exceptions forms no part of record.

A written motion for new trial with the transcript which appears to have been filed in the court below, but was not spread upon the minutes of the trial court and was not included in the bill of exceptions, forms no part of the record, and the action of the court thereon cannot be considered.

Cases cited and approved: Railroad v. Egerton, 98 Tenn., 541; Railroad Co. v. Johnson, 114 Tenn., 632; Box Co. v. Gregory, 119 Tenn., 532; Allen v. State, 8 Tenn., 294.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.— HON. OSCAR YARNELL, Judge.

SIZER, CHAMBLISS & CHAMBLISS, for appellant.

TATUM, THACH & LYNCH, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

The judgment in this case is affirmed because the record contains no motion for a new trial which we can notice.

A minute order recites that a motion for a new trial was made and overruled. Along with the transcript is a writ-

ten motion which appears to have been filed in the court below. This motion, however, was not spread upon the minutes of the trial court nor was it included in the bill of exceptions. It therefore forms no part of the record.

In *Railroad* v. *Egerton*, 98 Tenn., 541, 41 S. W., 1035, it was held that motions for a new trial must be incorporated in the minutes of the court. This holding was apparently affirmed in *Railroad Co.* v. *Johnson*, 114 Tenn., 632, 88 S. W., 166.

In *Box Co.* v. *Gregory*, 119 Tenn., 537, 105 S. W., 350, it was held that under the provisions of chapter 106 of the Acts of 1875, a motion for a new trial might be preserved in the bill of exceptions if proper reference thereto and identification thereof was made in a minute order. This is as far as the court has gone and as far as the court can go. It was said in *Box Co.* v. *Gregory* that the better practice would be to set forth the whole motion on the minutes of the court. If this is not done, the motion must be included in the bill of exceptions, if it is to be relied on in this court.

It has been held in Tennessee since *Allen* v. *State*, Mart. & Y., 294, that a memorandum of a motion made below and sent up with the transcript cannot be considered unless made a part of the bill of exceptions.

The general rule in other jurisdictions is that a motion for a new trial must be incorporated into the bill of exceptions in order to be preserved for review on appeal. 14 Enc. Pl. & Pr., 967; 2 R. C. L., 127.

For the reason stated, the judgment of the trial court is affirmed.