## JESSE RHOTON, by Next Friend, v. JNO. P. BURTON.

Middle Section.   November 7, 1925.

Certiorari denied by Supreme Court January 30, 1926.

1. **Appeal and error. Defendant introducing evidence waives motion for peremptory instructions given at close of plaintiffs' case.**
It is well settled in Tennessee that a motion for peremptory instructions based on plaintiff's evidence only, is not sufficient, where the defendant afterwards introduced evidence, as the jury should consider all the evidence introduced in arriving at its verdict.

2. **Appeal and error. Appellate court will not consider assignments of error not set out in motion for new trial.**
It is essential, in order to preserve the right to assign errors in the appellate court, to set out in the motion errors that occurred at and during the trial on the facts, but not errors that occurred before the trial in the rulings upon pleadings. In other words, it is necessary to make a motion for a new trial in all cases at law except for errors apparent upon the face of the record proper, and the assignment of error must be based on the motion for a new trial.

3. **Appeal and error. Assignment of error. Motion for new trial because proof does not show facts to prove defendant's negligence not sufficient to support assignment of error on not giving peremptory instructions.**
A motion for a new trial because the proof shows that the defendant did not contribute to or cause the injury, is not sufficient to support an assignment of error for not giving peremptory instructions, because such motion goes only to a preponderance of the evidence.

4. **Words and phrases. "The proof shows" not equivalent to "there is no evidence."**
The expression "the proof shows" is not equivalent to the expression, "there is no evidence to sustain the verdict." It goes merely to the preponderance of the evidence.

5. **Appeal and error. Appellate court will not weigh the evidence.**
The appellate court does not weigh the evidence and is bound by the finding of the lower court where material evidence is conflicting.

6. **Negligence. That there are other concurrent causes of injury is no defense to negligence.**

Where an injury results from two concurrent or successive causes, with one of which the defendant is chargeable, it is no defense that the other contributed to the injury.

7. **Appeal and error. Instructions not in bill of exceptions will not be considered by appellate court.**

The court's charge and the request for further instructions though copied into the transcript, are not part of the record unless they are, by some appropriate language, made part of the bill of exceptions.

8. **Damages. Province of jury.**

It is within the province of jury to ascertain the extent of the injury and to assess the damages, and the verdict will not be disturbed, except where it is so great as to evince passion, prejudice or caprice, in which event the appellate court may suggest a remittitur if deemed excessive.

9. **Damages. Verdict for $3500 held not excessive for injuries to a five year old boy.**

In an action for damages for personal injuries where boy was knocked off of a fence and knee injured so that leg became shorter and stiff for life, held $3500 verdict not excessive.

Appeal in Error from Circuit Court, Jackson County; Hon. J. R. Mitchell, Judge.

Affirmed.

B. C. Butler, of Gainesboro, and V. E. Bockman, of Cookville, for plaintiff in error.

Anderson & Page, of Gainesboro, for defendant in error.

CROWNOVER, J. This case is not styled correctly. It is here styled as it was in the court below. It should be styled, John P. Burton, plaintiff in error, v. Jesse Rhoton, by next friend, defendant in error, as judgment was rendered against the defendant below, John P. Burton, and he has appealed in error to this court.

This is an action for damages for personal injuries caused by an automobile collision and was instituted by Jesse Rhoton, a minor, by his father as his next friend. The declaration averred that the plaintiff's injuries were inflicted by the defendant who negligently drove his car into a wire fence and against a plank on which Jesse Rhoton was sitting, which threw the plaintiff over or through the fence, and as a result of which he was seriously and permanently injured. The declaration further averred that the defendant was guilty of gross negligence in driving his car, and in trying to turn around, in close proximity to a public schoolhouse, where the plaintiff and other children were assembled, he being at the time old, infirm, almost deaf and inexperienced in driving automobiles.

The defendant pleaded not guilty.

The case was tried by the judge and a jury, and resulted in a judgment for the plaintiff below in the sum of $3500. The trial court overruled the motion for a new trial, and the defendant below has appealed in error to this court, and has assigned errors.

It should have been stated that the defendant below moved for a directed verdict at the close of the plaintiff's proof and at the close of all the evidence, which motions were overruled.

Plaintiff in error has assigned six errors, but two of them raise the same proposition, and, when summarized, are as follows:

1.  The court erred in overruling the defendant's motion for peremptory instructions, because there was no evidence introduced by the plaintiff upon which judgment could be predicated in favor of the plaintiff.

2.  The court erred in refusing defendant's motion for peremptory instructions at the close of all the evidence, as there was no evidence to support the verdict.

3.  Because the evidence preponderated in favor of the defendant and against the verdict.

4.  The court erred in refusing to charge defendant's special request set out in the assignment.

5.  The court erred in refusing to grant a new trial on the ground that the judgment was excessive.

The defendant below properly filed a bill of exceptions which was authenticated by the trial judge, but it did not contain the charge of the court. However, the charge is copied into the record, but not into the bill of exceptions.

The contentions of the plaintiff below, as testified to by his parents and other witnesses, are, that the plaintiff, who had hitherto been a strong healthy child, five years of age, was seriously injured through the defendant's gross negligence in October, 1923, that the defendant, who was old, infirm, almost deaf, and inexperienced in driving automobiles, while turning around in close proximity to a public school where children were assembled, had lost control of his car and negligently drove it into a wire fence and against a plank on which the plaintiff was sitting, which threw the plaintiff over or through the fence, and as a result he was seriously and permanently injured in the knee joint, to such an extent that the muscles of his thigh atrophied and the leg became smaller and shorter than the other, stiff and crooked, 25 degrees flection, from which he has suffered much pain, and as result of said injuries his capacity for work, labor and business, and for the enjoyment of life has been permanently impaired; that he had been a strong healthy child and that his knee and leg had not been affected in any manner until after he received said injuries; that on the night after he received said injuries, "his knee was swollen a little, his shoulder blade was bruised, and he had a cut on his finger." But there were no marks on his body or his limbs other than as stated, and there was no wound or abrasion of any kind on his knee or legs, but he complained of his stomach, that he was carried to a

doctor to be examined within two to five days after the accident, and later arrangements were made to have him treated by a doctor, and a plaster cast was placed around his knee.

The defendant, on the other hand, insisted that the plaintiff had been afflicted with tuberculosis of the knee joint for several months prior to the accident in October, 1923, complained of, which was latent and did not develop until several months after said accident, that in said accident plaintiff fell on his back and that his knee was not injured in any manner by that fall, but that, about two weeks prior to said accident, the plaintiff had another accident in which he was pushed off the steps of the schoolhouse and his knee struck some rocks or stones, and from which he sustained injuries that where the exciting cause that developed the latent tuberculosis of the knee joint and resulted in his present disabled condition, that his parents had treated his knee for water joint and swellings several months prior to the accident complained of and had applied turpentine and lamp oil, and had told some neighbors that his knee was affected so that he couldn't walk on certain occasions; that his affection was tuberculosis, which is a constitutional ailment or disease that is not caused by injuries. Defendant's contentions were borne out by the testimony of several witnesses, although the defendant, himself, did not testify.

No controversy is raised in the assignment of errors or brief about the negligence of the defendant below.

The first assignment of error is not well taken, because it is well settled in Tennessee that a motion for peremptory instructions based on plaintiff's evidence only is not sufficient, where the defendant afterwards introduced evidence, as the jury should consider all the evidence introduced in arriving at its verdict. There must be no material evidence to support the verdict. If the plaintiff fails to make out his case and the court refuses a motion for peremptory instructions, he is in error, but if the defendant afterwards introduces evidence, he thereby waives his motion for a directed verdict at the close of the plaintiff's evidence. See Railway & Light Co. v. Henderson, 118 Tenn., 284; Coal & Iron Co. v. Bennett, 8 Hig., 210; Jno. Gerber Co. v. Smith, 150 Tenn., 255 (263 S. W., 974).

It might be said that the above law does not apply to this case because the motion for peremptory instructions had been made at the close of plaintiff's evidence and again renewed at the close of all the evidence, and therefore, that this assignment of error is broad enough to cover both motions. This contention cannot be sustained for two reasons. One is because the assignment limits it to the evidence introduced by the plaintiff, and the other is, that the plaintiff's motion for a new trial limits it to the motion made

at the close of the proof introduced by the plaintiff. The assignment of error on the facts must be limited to the grounds relied on in the motion for a new trial. This will be discussed more fully under the next assignment of error. It results that this assignment of error is not well taken and must be overruled.

The second assignment is that the court erred in refusing defendant's motion for peremptory instructions at the close of all the evidence as there was no evidence to support the verdict. This assignment is not well taken for several reasons.

First, because it was not included in the motion for a new trial, and second, there was no ground set out in the motion for a new trial, that, "there was no evidence to support the verdict."

The motion for a new trial stated that the court erred "because the verdict and finding of the jury was not sustained by the proof," and, "because the proof preponderated against the verdict and finding of the jury." These two grounds go to the same proposition that "the proof preponderated against the verdict," and are insufficient because this court does not weigh the evidence and is bound by the finding of the lower court where material evidence is conflicting.

A motion for peremptory instructions must be preserved in the motion for a new trial. See Woolworth v. Connors, 142 Tenn., 678; King v. Dunlap, 4 Hig., 579; Bostick v. Thomas, 137 Tenn., 99.

It is essential, in order to preserve the right to assign errors in the appellate court, to set out in the motion errors that occurred at and during the trial on the facts, but not errors that occurred before the trial in the rulings upon pleadings. In other words, it is necessary to make a motion for a new trial in all actions at law except for errors apparent upon the face of the record proper, and the assignment of error must be based on the motion for a new trial. See 5 Michie's Tenn. Eng. Ency. Dig., 52, sec. 5; Weise Co. v. Morgan, 101 Tenn., 272; Railroad v. Smith, 147 Tenn., 453, 455; Board of Equalization v. Railroad, 148 Tenn., 676.

However, it may be insisted that the motion for a new trial contained grounds that were in effect the same as that the court erred because there was no evidence to support the verdict, as it stated that the court erred:

"3. Because the proof shows that if any injury to the plaintiff's knee caused it to develop into its present condition, that said injury antedated the accident complained of in this case.

"4. Because the proof shows that the defendant did not contribute to, or cause the injury to the plaintiff sued for in this case."

It is insisted in argument that the plaintiff had tuberculosis of the knee joint that was caused by an injury that he received while at

the schoolhouse about two weeks before this accident when he fell off of the steps and injured his knee, and that he was not injured in the knee at all when he was thrown through the fence as he fell on his back at the time defendant's car ran into the fence and plank, and for these reasons it is not shown what negligence caused the injury or contributed to it, and that therefore, there was no evidence to support the verdict. In other words, it was insisted that if the injury results from either of one or two causes, for one of which the defendant is not responsible, then there is no liability, and that it will not be presumed that there was causal connection between the alleged negligence and the injury; therefore, a motion for a new trial because the "defendant did not contribute to or cause the injury," was in effect that there was no evidence to support the verdict.

But we do not think that the two grounds, above set out, in the motion for a new trial, are sufficient, as the expression "the proof shows" is not equivalent to the expression that "there is no evidence to sustain the verdict." We have held in several cases that such grounds, as those above set out, go merely to the preponderance of the evidence. In other words, the grounds relied upon in the motion for a new trial, are in effect that the court erred because the preponderance of the evidence showed that the injury antedated the accident and that the defendant did not contribute to the cause of the injury, and therefore, being on the preponderance of the evidence, they are not sufficient in this court.

However, we have examined the evidence on this question and are satisfied that the judge was correct in refusing to direct a verdict, as there was a conflict in the evidence sufficient for the case to go to the jury. It was contended by the plaintiff, and his witnesses, that the plaintiff was a strong, healthy child and that there was nothing wrong with his knee until after the accident, and on the night after he was hurt his knee was somewhat swollen, and that his shoulder blades were bruised, and that he had a cut on his finger, and complained of his stomach, and that within from two to five days after the accident, he was carried to a doctor and his knee examined; while it is contended by the defendant's witnesses that plaintiff had tuberculosis of the knee joint and that about two weeks before the accident happened the plaintiff was pushed off of the steps in front of the schoolhouse which hurt his "sore knee," that this tuberculosis was a constitutional ailment, chronic of long standing, and that plaintiff's parents had applied liniment, lamp oil, and other medicines several months before this accident, and that his knee had not been injured in the accident, as he had fallen on his back, and that the fall did not contribute to or cause the injuries. The parents strenuously denied that the plaintiff's

knee had been affected in any manner, or that remedies had been applied before the accident.

There is a controversy as to which of the accidents happened first; that is whether he was injured in the accident caused by the defendant, or by his fall from the schoolhouse steps. The jury, by its verdict, evidently thought that he fell off the steps afterwards. However, the defendant insists that this is immaterial, as the tuberculosis of the knee joint had been contracted three or four months or longer before the accident occurred, and that the plaintiff was not carried to a doctor until several months after said accident, and that therefore, it was impossible to say from the proof that said accident had any effect on the disease, and that, therefore, the proof shows that the defendant did not contribute to or cause the injury.

But, as before stated, there was proof that the plaintiff was a strong, healthy child and that there was nothing ever wrong with his knee until the accident complained of, and that immediately after the accident his knee was swollen to some extent and that he had to be carried to a doctor to be examined within from two to five days thereafter. The proof also tended to show that tubercular bacilli, in youth, may remain latent for years until some injury causes them to develop, that having entered the tissues, tubercular bacilli may die before they can do harm unless disturbed by some injury, and that practically every individual between the ages of infancy and puberty are more or less affected by tubercular bacilli, but one's natural powers of resistance may successfully combat them, and that they might lie dormant for several years unless one's power of resistance is lowered or broken down by a wound or injury, when they may immediately develop into an active state.

In other words, tubercular bacilli may lie dormant for years or may not develop at all, unless developed by an "exciting cause," such as an injury or the lowering of the natural powers of resistance of the individual.

Now the proof shows that the defendant struck the plank with sufficient force to throw the plaintiff either over or through the wire fence on his back on the ground, and that he was taken up and carried into a residence nearby, and the force of the fall was great enough to cause his leg to swell to some extent and that he had to be carried to a doctor to be examined within a few days. There is a controversy as to when the doctor first examined him, but the plaintiff's parents insist that he was examined within from two to five days after the accident. The doctor testified that he was brought to him "sometime before December 12, 1923." There is really no conflict between the doctor and the parents. However, the jury evidently took the plaintiff's theory and believed the plaintiff's witnesses as to the accident, how it occurred, and as to the

injuries, and we think there was sufficient evidence to submit the case to the jury. Hence, we are bound by their verdict.

Taking the theory that the plaintiff had latent tuberculosis of the knee joint at the time of the accident complained of, and that the exciting cause was an injury which caused it to develop, the fact that it was first injured by an accident caused by the defendant and then later injured by a fall off the schoolhouse steps, cannot help the defendant, as where an injury results from two concurrent causes, with one of which the defendant is chargeable, it is no defense that the other contributed to the injury.

"Where there were two causes which proximately contribute to the injury, for one of which the defendant was responsible, and with the other of which neither he nor the plaintiff was chargeable, still the defendant must be held to answer for the injury inflicted." See Turnpike Co. v. English, 139 Tenn., 638; 29 Cyc. 497-8.

"If the concurrent or successive negligence of two persons combined together, result in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury." See 1 Thompson on Negligence, sec. 75; Coleman v. Bennett, 111 Tenn., 712.

The facts of the case of H. G. Hill Co. v. E. E. Warren, Davidson Law, decided by us at the September term, 1924, opinion by Judge Davis, filed December 20, 1924, are somewhat similar to the instant case, and we held in that case that the facts were sufficient for the case to be submitted to the jury. The law on the subject was set out in that case and we deemed it unnecessary to further review the authorities on this question.

It results that this assignment of error must be overruled.

The third assignment of error that the evidence preponderated in favor of the defendant and against the verdict cannot be entertained in this court. The matter of weighing the testimony after the jury has returned a verdict is for the trial court, and when he has acted, if there is any material evidence to support his action this court cannot disturb it by any process of weighing the testimony. See Thomasson v. Telegraph Co., 5 Hig., 640; Sharp-Flanigan-Hamilton v. Tyler, 6 Hig., 217; Nighbert v. Hornsby, 100 Tenn., 82.

It results that this assignment of error must be overruled.

The fourth assignment is that the court erred in refusing to charge a special request, which is set out in the assignment.

As before stated, the charge of the court was not made a part of the bill of exceptions but is copied into the record.

"The court's charge and the request for further instructions, though copied into the transcript, are not part of the record unless they are, by some appropriate language, made part of

the bill of exceptions." See Ward v. State, 102 Tenn., 724; Minter v. State, 145 Tenn., 678.

"Where the charge is not made a part of the record, this court will conclusively presume that the jury was correctly instructed upon all questions of law arising on the evidence." See Nighbert v. Hornsby, 100 Tenn., 82.

The charge and the request not having been made a part of the bill of exceptions, it results that we cannot consider them, even though they are copied into the record, and we must, therefore, presume that the charge was corrcet. It results that this assignment of error must be overruled.

By the fifth assignment of error it is insisted that the court erred in refusing to grant a new trial on the ground that the judgment was excessive. The defendant evidently meant the verdict was excessive. Neither the motion for a new trial nor the assignment of errors gave any reason why it is excessive other than the amount fixed by the jury was exorbitant and out of proportion to the injury inflicted.

The older cases in Tennessee, as well as respectable authority in other states, hold in actions for damages for personal tort that it is within the strict province of the jury to estimate the extent of the injury and to assess the amount of the damages, unless the verdict evinces such a manifest abuse of this province as to indicate passion, partiality or unaccountable caprice. See Railroad v. Roddy, 85 Tenn., 400, and cases there cited; Brewing Co. v. Ralston, 8 Hig., 584; Railway Co. v. Hicks, 1 Hig., 517-518.

However, our Supreme Court, in a later case of Grant v. Railroad, 129 Tenn., 398, seems to have somewhat modified this rule, by holding that the court may suggest a remittitur, where it deems the verdict excessive. But it is unnecessary for us to here discuss the extent of the modification, as that question is immaterial in this case.

After a careful examination of the record, we are of the opinion that this assignment is not well taken. The proof shows that the defendant in error has suffered much pain, and is in a serious condition, that the muscles of his leg and thigh have atrophied, that his leg is stiff, and crooked at about 25 degrees flection, which renders it shorter and smaller than the other leg, and that these conditions are permanent. Hence, we do not think that the judgment is excessive, and this assignment must be overruled.

It results that all the assignments of error are overruled, and the judgment of the lower court is affirmed. The cost of the appeal is adjudged against appellant and sureties on his appeal bond, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.