ELMER GUY v. STEMBERG- RAINEY HARDWARE CO.

Western Section. June 3, 1927.

Petition for Certiorari denied by Supreme Court, December 17, 1927.

1. Appeal and error. An appeal will not lie from a case submitted to the judge without a jury if no motion for new trial is filed.

In an action for replevin to recover a mule where the action was tried before the court and only law questions were involved, and no motion for new trial was filed, held that no appeal could be maintained.

Appeal in Error from Circuit Court, Haywood County; Hon. W. W. Bond, Judge.

Appeal dismissed.

A. C. Estes, of Brownsville, for plaintiff in error.

A. M. Carlton, of Brownsville, for defendant in error.

HEISKELL, J. This is a replevin suit to recover possession of one mule. The plaintiff in error, Elmer Guy, as a special deputy sheriff, levied upon the mule as the property of one Sam Bond. Whereupon the defendant in error, plaintiff below, claiming under a mortgage, instituted this suit before a Justice of the Peace.

In the circuit court the case was tried by the judge without a jury and there was a judgment in favor of the plaintiff below, and the defendant below has appealed and assigned error. In this court the defendant in error moves the court to dismiss the appeal because the plaintiff in error made no motion for a new trial in the lower court. It is admitted that there was no motion for a new trial but it is contended this was not necessary because the case was tried by the judge without a jury and involved no question of fact. The case of Lancaster v. Fisher, 10 Pickle, 228 is relied on to support this contention. The authority is in point, but the case has been overruled. Counsel for plaintiff in error admits that it has been overruled as to cases in which the trial judge without a jury passes on questions of fact, but insists that it remains the law applicable to such cases involving only questions of law. In Shelton v. Wade, 139 Tenn., 685 the court said:—

"This case was tried by the Circuit Judge without the intervention of a jury, and judgment rendered in favor of the defendant in error. The plaintiff in error appealed to this court. Motion was made here that the appeal be dismissed because there was no motion for a new trial in the court below.

"The motion must prevail. Road Commissioner v. Railroad, 123 Tenn., 257, 130 S. W., 768. In opposition to the motion the plaintiff in error refers to Lancaster v. Fisher, 94 Tenn., 222, 28 S. W., 1094, Barr v. Railroad, 105 Tenn., 544, 58 S. W., 849, and State v. Sneed, 105 Tenn., 712, 58 S. W., 1070, prior cases. In the case cited from 123 Tennessee, the court had in mind the three cases just referred to, and clearly intimated its dissatisfaction with the rule so stated and necessarily overruled these cases, but did not deem it necessary to mention them by name. To prevent future misconception, we now overrule these cases on the point in question, and reaffirm the rule laid down in Road Commissioners v. Railroad, supra. The principle of this case was followed in Seymour v. Railroad, 117 Tenn., 98, 102, 98 S. W., 174, And in Barnes v. Noel, 131 Tenn., 126, 131, 174 S. W., 276, and

Bostick v. Thomas, 137 Tenn., 99, 101, 191, S. W., 968. Since Road Commissioners v. Railroad was decided we have uniformly followed the rule there laid down."

It does not appear what was involved before the trial court, but it does clearly appear that Lancaster v. Fisher was unequivocably overruled, and the rule established that no appeal can be maintained in a case like the present case without a motion for a new trial in the lower court.

The result would be the same under Rule 11, section 5 of this court as the assignment of error could not be heard because the contention relied on was not set up in a motion for a new trial. The motion is sustained and the appeal is dismissed at the cost of the plaintiff in error.

Owen and Senter, JJ., concur.