## HAYES & CHUNN v. E. C. HOLLAND.

Middle Section. March 29, 1930.

Petition for Certiorari denied by Supreme Court, June 28, 1930.

J. Shelby Coffey, of Columbia, for plaintiffs in error, Hayes & Chunn.

R. S. Hopkins, of Columbia, for defendant in error, Holland.

CROWNOVER, J. This was an action for damages caused by the collision of two trucks, and resulted in a judgment for $154.05 in favor of the plaintiff below, Holland. Hayes & Chunn appealed in error.

We cannot entertain the assignments of error for the reason that the motions for a new trial and in arrest of judgment were not made a part of the bill of exceptions and were not copied into the minutes of the court.

A motion for a new trial not spread on the minutes of the court nor included in the bill of exceptions forms no part of the record even though copied into the transcript of the record. Chattanooga Iron & Coal Co. v. Hanssard, 143 Tenn., 553, 226 S. W., 1045.

It follows that as all the assignments of errors raise questions which must necessarily be based on a motion for a new trial properly preserved in the bill of exceptions or in the minutes of the court, they must be overruled, and the judgment of the lower court must be affirmed.

A judgment will be entered in this court for $154.05, with interest from September 7, 1929, up to the present time, together with the cost of the court below, in favor of Holland and against Hayes & Chunn. The cost of the appeal is adjudged against Hayes & Chunn and the surety on their appeal bond. Executions will issue accordingly.

## OPINION ON PETITION FOR REHEARING.

This cause is again before us on petition to rehear and it is insisted that our former opinion was erroneous for two reasons: first, because it was not necessary for the plaintiff in error to make a motion for a new trial in the lower court, as the case was tried by the judge without a jury; and second, that it was not necessary to include the motion for a new trial in the bill of exceptions

or have the same spread upon the minutes of the court. We think that neither of these grounds is well taken, and the petition must be denied.

On the first proposition it was for a long time doubted whether it was necessary to make a motion for a new trial in non-jury cases, and some of our older cases held that it was not necessary. But in all the recent cases both the Supreme Court and our court have uniformly held that it was necessary to make and file a motion for a new trial in non-jury cases as well as jury cases.

The failure to make a motion for a new trial in the court below, in law cases, is ground for dismissal of an appeal in error, though the case was tried by the court without a jury. Vol. 1 Supp., Michie's Ency. Tenn. Digest, 187; Shelton v. Wade, 139 Tenn., 685, 203 S. W., 253; Guy v. Hardware Co., 5 Tenn. App., 581.

Many cases could be cited on this proposition, as it has arisen at almost every term of the court, and it is now required by statute. Now, in all cases tried by the Court of Appeals on appeal or otherwise, the hearing shall be de novo where the case was tried in the lower court by the judge without a jury, but where it is tried on oral evidence in the lower court it is necessary to make a motion for a new trial and to preserve the evidence by a bill of exceptions. See Acts of 1929, ch. 94.

Hence, it is settled by statute and by precedent that it is necessary to make a motion for a new trial in all cases tried in the lower court on oral testimony.

It is insisted that where the facts are found by the trial judge it is not necessary to preserve the evidence in a bill of exceptions and therefore it is not necessary to make a motion for a new trial. We are of the opinion that this proposition is untenable. A motion for a new trial is necessary even where there is an agreed state of facts, although it is not necessary to preserve such evidence by a bill of exceptions. R. R. v. Smith, 147 Tenn., 453, 249 S. W., 377; Board of Equalization v. R. R., 148 Tenn., 677, 257 S. W., 79.

It is necessary to make a motion for a new trial in all cases at law except for errors apparent on the face of the record proper, and the assignment of error must be based on the motion for a new trial. See Rhoton v. Burton, 2 Tenn. App., 168.

Of course it is not necessary to include in the motion for a new trial errors apparent upon the face of the technical record, such as arise upon the pleadings, etc. The technical record is made up and consists only of the process, pleadings, minute entries, the verdict and judgment. See Johnston v. Phillips, 4 Higgins, 662; Cobble v. International Agricultural Corp., 2 Tenn. App., 360.

Hence, it will be seen that the first proposition is not well made, as it is necessary to preserve the errors and exceptions made in law

cases in the motion for a new trial filed within the time allowed by law.

The second proposition, that it is not necessary to include the motion for a new trial in the bill of exceptions or to have the same spread upon the minutes of the court, is not well made for the reasons set out in our original opinion. The Supreme Court and our court have held in several cases that the only way a motion for a new trial may be preserved is by having the same spread upon the minutes of the court or by including the same within the bill of exceptions. This proposition is settled in the cases of Chattanooga Iron & Coal Co. v. Hanssard, 143 Tenn., 553, 226 S. W., 1045; Johnston v. Phillips, 4 Higgins, 662. The writer of this opinion has filed several other opinions, not reported, in which this same proposition has been raised and thus disposed of, and knows of several opinions of this court to the same effect. Hence, the proposition is so well settled that it is not necessary to further discuss the matter.

It results that the petition for a rehearing must be denied.

Faw, P. J., and DeWitt, J., concur.