## COMMONWEALTH vs. JOHN H. WELCH.

Plymouth. October 19. — 21, 1886. DEVENS & W. ALLEN, JJ., absent.

At the trial of a complaint for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, the testimony of an officer, who had searched the defendant's premises, that a tumbler which he seized contained intoxicating liquor, is competent, without producing the liquor, or accounting for its absence.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a certain tenement in Brockton, used for the illegal sale and illegal keeping of intoxicating liquors, on January 1, 1886, and on divers other days and times between that day and June 3, 1886.

At the trial in the Superior Court, before *Mason*, J., a witness testified that he was a police officer, and was aiding another officer who had a warrant to search for intoxicating liquors in the defendant's house, duly issued under the statute; and that the defendant was present; but it did not appear that any warrant was shown.

The witness was allowed, against the defendant's objection, to testify to the contents of a tumbler which he seized from the person of the defendant and carried away, which was not produced at the trial, and the absence of which was not accounted for; and no proceedings for forfeiture had been instituted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. G. Davis*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. If we assume, in favor of the defendant, that the officer testified that the tumbler which he seized contained intoxicating liquor, his testimony was competent, without producing the liquor, or accounting for its absence. Such testimony is not secondary evidence, within the rule that the best evidence must be produced unless destroyed or otherwise accounted for. *Commonwealth* v. *Blood*, 11 Gray, 74. *Commonwealth* v. *Pope*, 103 Mass. 440.        *Exceptions overruled.*