TENNESSEE CENTRAL RAILROAD COMPANY *v.* LAWRENCE
FOSTER.

[(*Nashville.*    December Term, 1903.)

1. **BILL OF EXCEPTIONS.** Written findings of facts and con-
clusions thereon are a part of record without.
The findings of facts and conclusions thereon by the court, when
reduced to writing at the request of either party in accordance
with the statute, signed by the trial judge and filed, become and
constitute a part of the record for all purposes without a bill
of exceptions. (*Post, pp.* 347-348.)

Code cited and construed: Sec. 4684 (S.); sec. 3673 (M. & V.);
sec. 2959 (T. & S. and 1858).

Case cited and approved: Hinton v. Insurance Co., 2 Cates, 113.

2. **SAME.** Same. Is not necessary where error of law in con-
clusions upon facts only is involved.
A bill of exceptions in such cases is only necessary when the
judgment of the court is challenged upon some ground other
than error of law in the conclusions upon the facts found.
(*Post, p.* 347.)

Case cited and approved: Hinton v. Insurance Co., 2 Cates, 113.

FROM WILSON.

Appeal from the Circuit Court of Wilson County.—
W. C. HOUSTON, Judge.

C. C. CONATSER, for Railroad.

LILLARD THOMPSON, for Foster.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This action, brought by the defendant in error against the plaintiff in error to recover damages for personal injuries sustained through its negligence, was tried by the circuit judge without the intervention of a jury, and a judgment given against plaintiff in error, to reverse which it has prosecuted an appeal in the nature of a writ of error and assigned errors.

The trial judge, in response to the request of plaintiff in error, made upon the trial of the case, reduced his finding of facts and his conclusions thereon to writing, and signed and filed the same. No bill of exceptions was filed.

The errors assigned challenge the correctness of the judgment of the trial judge upon the facts found.

The defendant in error insists that the finding of facts by the trial judge is no part of the record, and cannot be considered by this court.

The statute providing for this proceeding, enacts that:

"Upon the trial of a question of fact by the court, the decision, if requested by either party, shall be given in writing, stating the facts found and conclusions thereon, which shall constitute a part of the record." Code 1858, sec. 2959; Shannon's Code, sec. 4684.

Railroad v. Foster.

This is clear and explicit.

The finding of facts and conclusions of the trial judge thereon are expressly made a part of the record.    They constitute the judgment of the court upon the facts and the law applicable to them, and, when reduced to writing by the request of either party, upon the trial of the case, authenticated by the signature of the trial judge, and filed, become and are a part of the record for all purposes without a bill of exceptions.

A bill of exceptions in such cases is only necessary when the judgment of the court is challenged upon some other ground than error of law in the conclusions upon the facts found—such as improper denial of a continuance, admission of incompetent evidence, or rejection of competent evidence, that the court mistook the questions to be tried or failed to find material facts, that there is no evidence to sustain the finding of facts, and other matters of this character.    None is necessary where the error assigned is an erroneous conclusion of law upon the facts found.

The practice in cases of this character is fully stated in the case of *Hinton* v. *Sun Life Ins. Co.*, 110 Tenn., 113, 72 S. W., 118-120.

The errors assigned upon the conclusions of the trial judge were overruled upon other grounds in an oral opinion, and the judgment affirmed.