### IN THE

# SUPREME COURT OF TENNESSEE

### AT THE

## EASTERN DIVISION.

---

### DECEMBER TERM, 1922.

### NASHVILLE, C. & ST. L. RY. CO. *v.* J. R. SMITH.

*(Nashville.* December Term, 1922.)

1. **APPEAL AND ERROR.** Findings of fact, when signed and filed by court, become part of record.

Findings of fact when signed and filed by the court become a part of the record without being incorporated into a bill of exceptions. *Post,* 455.)

Cases cited and approved: Railroad Co. v. Foster, 112 Tenn., 345; Insurance Co. v. Witherspoon, 127 Tenn., 366.

2. **APPEAL AND ERROR.** Motion for new trial necessary before appeal, except for errors apparent on face of record.

A motion for new trial is required in all cases before an appeal will lie, except where the errors complained of are apparent on the face of the record proper. (*Post, pp.* 455, 456.)

Cases cited and distinguished: Wise & Co. v. Morgan, 101 Tenn., 276; Railroad. Co. v. Johnson, 114 Tenn., 627.

3. **APPEAL AND ERROR.** All minute entries are part of record proper.

All minute entries are a part of the record proper. (*Post, pp.* 456, 457.)

4.  **APPEAL AND ERROR.**  Appeal not considered because no motion for new trial made.

An appeal seeking only reversal of the judgment for errors of law committed by the court upon trial rather than in rulings on pleadings before trial cannot be heard if no motion for a new trial has been made below.  (*Post, pp.* 456, 457.)

Case cited and distinguished: Rogers v. Colville, 145 Tenn., 657.

FROM LINCOLN.

Appeal from the Circuit Court of Lincoln County.—
HON. R. W. SMART, Judge.

WM. WALLER, R. C. ARMSTRONG, —— FRANK SLEMONS
and FITZGERALD HALL, for appellant.

GILES L. EVANS, for appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the
Court.

The defendant in error, J. R. Smith, recovered a judgment in the circuit court of Lincoln county against the railway company for one hundred and twenty-five dollars, the value of a dog killed by one of its trains.

This case was tried by the circuit judge without the intervention of a jury, and he was requested by the railway company, before the trial, to reduce his finding of facts and conclusions thereon to writing, which he did, and signed and filed same.

From the judgment entered the railway company appealed to this court.

No motion for a new trial was made, and no bill of exceptions filed. The case is here upon the technical record, which includes the finding of facts by the trial judge.

Preliminarily the defendant in error has entered a motion to affirm the judgment of the lower court for the reason that plaintiff in error did not make a motion for a new trial.

For the plaintiff in error it is insisted that a motion for a new trial was unnecessary, since it is only seeking a reversal for errors of law apparent upon the face of the record.

In *Railroad Co.* v. *Foster,* 112 Tenn., 345, 80 S. W., 585, and *Insurance Co.* v. *Witherspoon,* 127 Tenn., 366, 155 S. W., 139, it was held that such findings of fact, when signed and filed by the court, became a part of the record under the statute without being incorporated into a bill of exceptions. These cases, however, did not hold that in such a case a motion for a new trial was unnecessary.

The rule of practice announced by this court in its later decisions require a motion for a new trial in all cases except for errors apparent upon the face of the record proper.

In *Wise & Co.* v. *Morgan,* 101 Tenn., 276, 48 S. W., 971, 44 L. R. A., 548, it was held, inferentially, that such a motion was necessary as to all matters arising upon the trial of the case. The court used the following language, to-wit:

"Wise & Co. appealed, and have assigned errors. Plaintiff insists that assignments of error Nos. 1, 2, 4, 10, and part of 11 cannot be considered by this court, because not assigned on the motion for a new trial in the court below, as required by the rule of that court.

"The first assignment in this court is that the circuit court erred in overruling demurrer to plaintiff's declaration; second, in sustaining plaintiff's demurrer to defendants' second and third pleas.

"Counsel are in error in supposing that it was necessary to embody the question made on the demurrer in the motion for a new trial. The demurrers had been acted on prior to the trial, and the action of the court entered upon the minutes. Since the action of the court upon the demurrers was in no wise connected with the trial of the cause, it was not necessary that such matters should again be brought to the attention of the court on motion for a new trial."

In *Railroad Co.* v. *Johnson,* 114 Tenn., 637, 88 S. W., 170, this court defined the meaning of the term "record proper" as "erroneous rulings in sustaining or overruling motions, and demurrers challenging the sufficiency of pleadings." And in the same case, on page 638 of 114 Tenn., on page 170 of 88 S. W., the court further said:

"The reason why this court will consider errors which appear upon the face of the record proper, without a motion for a new trial, is that they do not directly affect the correctness of the verdict, and would not be cured by setting it aside."

Applying this test in the instant case, it is apparent that the relief sought here would directly affect the correctness of the verdict. All that the plaintiff in error is asking on this appeal is that the judgment of the trial court be set aside, but not upon any errors committed by the court in passing upon any pleadings before the trial, but for errors of law committed by the court upon the trial.

Nashville, C. & St. L. Ry. Co. v. Smith.

Under our practice, all minute entries are a part of the record proper, but in *Rogers* v. *Colville,* 145 Tenn., 657, 238 S. W., 80, it was held that a motion for a new trial was necessary, notwithstanding the case was heard upon a written stipulation of facts entered upon the minutes of the court, the court saying:

"The stipulation appearing on the minutes does not make a case where the court's action appears as a part of the technical record so as to take the case out of the rule of cases which 'harmonizes the practice in all cases coming to this court from the common-law courts.' "

Upon principle there can be no difference between a stipulation of facts copied upon the minutes and a finding of facts by the trial judge filed in the case.

If a motion for a new trial is necessary in one case, it is in the other, and with a view of making the practice uniform, or, as stated in the case just quoted from, in order to harmonize the practice in all cases coming to this court from the common-law courts, we hold that a motion for a new trial is necessary, with the exception stated by Mr. Justice SHIELDS in *Railroad* v. *Johnson,* supra.

It results that the motion to affirm the judgment of the trial court will be sustained.