BOARD OF EQUALIZATION *et al. v.* NASHVILLE, C. & ST. L. RY.

(*Nashville.* December Term, 1923.)

1. **APPEAL AND ERROR.** Scope of review by appeal stated.

The supreme court can only review matters which the record shows have been considered and adjudged by the trial court, which consist of errors appearing on the face of the record proper, and also errors committed by the trial court in acting upon· motions for new trial. (*Post, pp.* 678, 679.)

Acts cited and construed:  Acts 1919, ch. 3, secs. 3, 4.

Case cited and approved:  Railroad v. Johnson, 114 Tenn., 639.

2. **TAXATION.** Judgment holding assessment illegal not reviewable in absence of motion for a new trial.

Judgment in *certiorari* by a railway to review the legality of its assessment, holding assessment illegal, being a conclusion of the trial court, which was a deduction from facts embodied in the record of the evidence and proceedings of the board of equalization, *held* not reviewable, in the absence of a motion for a new trial. (*Post, pp.* 679, 681.)

Cases cited and approved:  Railroad v. Johnson, 114 Tenn., 640; Railroad v. Egerton, 98 Tenn., 541; Road Commissioner v. Railroad, 123 Tenn., 257; Rogers v. Colville, 145 Tenn., 650; N. C. & St. L. R. R. v. Smith, 147 Tenn., 455.

Cases cited and distinguished:· Railroad Co. v. Foster, 112 Tenn., 345;  Insurance Co. v. Witherspoon, 127 Tenn., 366.

3. **APPEAL AND ERROR.** When motion for a new trial necessary stated.

Where the conclusion of a court of law is the result of a considera-tion of facts and an application of the law thereto, a motion for a new trial is necessary to authorize a review, whether the

facts are presented to the trial court upon agreed facts, facts¹ dis-
closed in documents exhibited with the pleadings, or facts pre-
sented to the courts as exhibits to or made part of the return to
a writ.  (*Post, p.* 681.)

4. ,APPEAL AND ERROR.  Failure to make motion for a new trial
in lower court not ground of motion to dismiss appeal.

Failure to make motion for a new trial in the lower court is not of
itself ground of motion to dismiss an appeal, since the cause may
be reviewed for error apparent upon the face of the record.  (*Posl,
p.* 681.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.—
HON. A. B. NEIL, Judge.

JOSEPH HIGGINS, for appellant.

FITZGERALD HALL and SETH M. WALKER, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

Upon a petition alleging illegal assessment of its prop-
erty, the Nashville, Chattanooga & St. Louis Railway
prayed and obtained writs of *certiorari* and *supersedeas,*
and the action of the Railroad and Public Utilities Com-
mission and the board of equalization in making the as-
sessment was reviewed in the circuit court of Davidson
county.

In obedience to the command of the writ of *certiorari*
it was the duty of the board to make a transcript of the
proceedings, and transmit it as the return to the writ, so

as to bring before the reviewing court a complete record of the proceedings, including the evidence heard in aid of the assessment. This record was first presented to the court under a stipulation of counsel, and later made a part of the return by order of the court.

Upon a review of the record thus introduced the trial court found that the statute was not observed, that the assessment was illegal, and quashed it. In reaching a conclusion as to the taxable value of the railroad's property, sections 3 and 4 of chapter 3, Acts 1919, required the Public Utilities Commission to assemble evidence and review a diversity of facts, and, among other things, distinguish distributable property from localized property, and determine the taxable value of each. The value of distributable property was to be found after considering track mileage, betterments, capital stock, franchises, gross receipts, market value of stocks, and the bonded debt of the company as provided in the act.

The conclusion of the trial court was a deduction from facts embodied in the record of the evidence and proceedings of the board. By no other method could the validity of the assessment be determined.

From the judgment of the court the board prayed an appeal. After the record was filed appellee moved to dismiss the appeal and affirm because no motion for a new trial was made or filed as required by the rules of the court. Appellant resists the motion to dismiss, saying it is too broad, since the cause is up for review of error apparent upon the face of the record.

The appeal does not bring the cause here for trial *de novo*, but for review of errors only. In *Railroad* v. *John-*

*son,* 114 Tenn., 639, 88 S. W., 169, it is said that the juris-
diction of this court is exclusively appellate, and that it
can only review matters which the record shows have
been considered and adjudged by the trial court. The er-
rors thus reviewed and corrected, the court said, fall with-
in two classes: First, errors which appear upon the face
of the record proper, and, second, errors committed by the
trial court in acting upon motions for new trial.

Under the first head fall erroneous rulings of the trial
court in sustaining or overruling motions and demurrers
which challenge the sufficiency of pleadings and process;
and under the second, errors committed in overruling or
allowing motions for new trial. We have, at some length,
indicated the facts necessarily reviewed by the trial court.
They were facts without regard to how presented, and the
trial judge was called upon to apply to them deliberative
tests, and thereby reach a conclusion. By rule repeatedly
announced, in order to review a judgment of the trial court
thus reached, a motion for new trial is required.

The reason underlying such rule springs from adminis-
trative necessity, which, without narrowing the channels
through which substantial rights may be maintained,
would circumscribe the field for naked forensic combat.
Whoever complains of error in the conclusion of a court
upon the facts is supposed best able to indicate the error,
and should first present it to the trial court for review
and correction, and thus minimize the expense to litigants
and the delay incident to appeals. Erroneous action of
the trial upon a motion for new trial is the subject of re-
view upon appeal, and another purpose of the motion is
is to indicate precisely the errors complained of, and cir-
cumscribe the scope of inquiry in the appellate court.

To this end, and to meet the task of intelligently review-ing the ever-increasing number of appeals, this court was constrained to exercise its power of prescribing rules of practice, requiring that errors be first assigned in a mo-tion for new trial presented to the trial court, and by limit-ing the inquiry on appeal to error assigned in the motion. *Railroad* v. *Johnson,* 114 Tenn., 640, 641, 88 S. W., 169.

Beginning with *Railroad* v. *Egerton,* 98 Tenn., 541, 41 S. W., 1035, and even after *Railroad* v. *Johnson,* supra, there was more or less confusion as to when a motion for new trial was required, and what errors were open to re-view in the absence of the motion.

In *Road Commissioner* v. *Railroad,* 123 Penn., 257, 130 S. W., 768, this court announced dissatisfaction with the unsettled practice relating to motions for new trial, and declared a purpose to harmonize the practice. . Following the rule there announced, the court, in *Rogers* v. *Colville,* 145 Tenn., 650, 238 S. W., 80, held a motion for a new trial necessary to review the action of the trial court upon agreed facts presented in lieu of testimony. Here the stipulation was entered upon the minutes which obviated the requirement of a bill of exceptions, but did not dispense with the necessity of a motion indicating errors in the ap-plication of the law to the facts.

In *N. C. & St. L. R. R.* v. *Smith,* 147 Tenn. 455, 249 S. W., 378, the court held a motion for a new trial necessary to review a finding of facts by the trial court, and said:

"In *Railroad Co.* v. *Foster,* 112 Tenn., 345, 80 S. W., 585, and *Insurance Co.* v. *Witherspoon,* 127 Tenn., 366, 155 S. W., 139, it was held that such findings of fact, when signed and filed by the court, became a part of the record under the statute without being incorporated into a bill

of exceptions.   These cases, however, did not hold that in such a case a motion for a new trial was unnecessary."

Observing, therefore the rule announced in the foregoing cases, where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to or made part of the return to a writ.. The rule announced in this and the cases cited goes beyond where the writer of this opinion could assént, but for the fact that exceptions now made would produce confusion as to the practice.

In this case, as appears from a stipulation in the record, a motion for new trial was not made as required by the rules of the trial court, but appeal was prayed, granted, and perfected, and, without a motion for a new trial, errors apparent upon the record proper as defined in *Railroad* v. *Johnson,* supra, are open to review.

Upon assignment.of error by appellant, should it appear that there are no errors apparent upon the record proper, and without a motion for new trial, the appeal would be dismissed, and the judgment of the court below affirmed, as a matter of course, as was done in *Railroad* v. *Smith,* supra.   But failure to make a motion for a new trial in the lower court is not of itself ground of motion to dismiss an appeal.

. Inasmuch as an appeal without a motion for a new trial preceding it brings the cause up for review of errors apparent upon the record proper, the appellee's motion to dismiss the appeal cannot be granted.