## MRS. ANNIE ROSKIND v. MOSE ELTERMAN.

Middle Section.    November 7, 1925.

No petition for Certiorari was filed.

1. **Bills and notes.  Parol evidence admissible to show liability of endorser.**
    In most jurisdictions parol proof is not admissible to change status of parties but in Tennessee parol evidence is admissible to show the liability of an endorser to be that of maker or otherwise.

2. **Bills and notes.  Party endorsing a note after delivery becomes a guarantor and not an endorser.**
    In an action to recover on two notes given by a minor for insurance premiums and which were endorsed by his mother after delivery to the plaintiff held mother was a guarantor and not an endorser.

3. **Bills and notes.  Notice of non-payment not necessary to guarantor.**
    Guarantor is liable without presentment for payment and notice of, non-payment.

4. **Appeal and error.  Appellate court will not consider error not raised in motion for new trial.**
    It is essential in order to preserve the right to assign errors in appellate court, to set out in the motion for a new trial errors that occurred

at and during the trial on the facts, but not errors that occurred before the trial in the rulings on pleadings.

Appeal in Error from Circuit Court, Davidson County; Hon. E. F. Langford, Judge.

Affirmed.

Elkin Garfinkle, of Nashville, for plaintiff in error, Mrs. Roskind.

Burt Frances, of Nashville, for defendant in error, Elterman.

CROWNOVER, J. This was an action to recover on two notes and interest, $52, being the balance of the premium on an insurance policy issued to Herbert Roskind, a minor son of plaintiff in error. The action was commenced before a justice of the peace and appealed to the circuit court, where it was tried by the judge without a jury, and resulted in a judgment against the defendant below. The trial court overruled a motion for a new trial, and the defendant below has appealed in error to this court and has assigned two errors, as follows: The trial court erred.

1. Because no presentment or demand for payment of said notes was made on the maker at maturity.

2. That defendant, being an accommodation endorser for the payee, is not liable on said notes as there was no consideration for the endorsements.

The proof shows that the defendant in error is an insurance agent and that he induced Herbert Roskind, a minor son of the plaintiff in error, to take a policy of insurance on his life. Said Roskind. paid a part of the premium in cash and executed two notes of $25 each for the balance to defendant in error, who tried to discount them at a bank, but upon being informed that Herbert Roskind was a minor, the bank refused to take them without other endorsement or security, whereupon the defendant in error took the notes to plaintiff in error and asked her to endorse them. After a discussion, she endorsed the notes on the back and requested him not to inform her son of this fact, as he might not pay them, but would leave them for her to pay. Another agent, John A. Paddy, also endorsed the notes and they were discounted at the bank. The endorsements on the back of the notes are as follows: "Mose Elterman, Annie Roskind, John A. Paddy."

About ten days before maturity the bank notified the maker and the endorsers of the date of maturity, but when they matured, both the maker, Herbert Roskind, and plaintiff in error refused to pay, and the defendant in error was forced to pay the bank and take up the notes. He then instituted this action against Mrs. Roskind only. He testified that he was not positive whether he talked to Mrs. Roskind about the notes on the day of maturity or the day after,

but said: "it was sometime around the time the notes fell due." Mrs. Roskind does not testify whether she ever received notice of dishonor, and does not deny this conversation, but she did testify that she had a very limited education and could only sign her name; that she endorsed the notes but that she thought she was signing receipts for the policy, and did not know she was endorsing notes. She helped her husband in his business, and evidently the trial judge thought her statement incredible.

The notes were plain negotiable notes, but specified no place of payment, and only the address of Herbert Roskind was given. They contained no provisions for the waiver of presentment and demand for payment, or notice of dishonor.

It is now insisted that plaintiff in error was merely an accommodation endorser for the payee, and as between the parties, she is not liable on the notes to the payee as there was no consideration for the endorsement, and further, that presentment and demand for payment should have been made on the maker in order to charge her as endorser.

The Negotiable Instrument Act, section 192 (Shannon's Code, 3516a4) provides that: "The person primarily liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are secondarily liable."

Section 70 (Shannon's Code, 3516a78) provides that "presentment for payment is not necessary in order to charge the person primarily liable on the instrument." . . . "But, except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer or endorser."

Section 63 (Shannon's Code, 3516a71) provides that: "A person placing his signature upon an instrument, otherwise than as maker, drawer, or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

In most jurisdictions where this statute has been passed parol proof is not admissible to change the status of the parties, as fixed by section last quoted above, but the rule is different in New York and in Tennessee. Brannan on Negotiable Instruments Law (3 Ed.), 232 to 243; 8 C. J. 78.

In Tennessee parol evidence is admissible to show the liability of an endorser to be that of maker or otherwise. See Bank v. Busby, 120 Tenn., 652; Pharr v. Stevens, 124 Tenn., 673-4; Nolan v. Wilcox, 137 Tenn., 676-7; Bank v. Barbee, 150 Tenn., 362-3.

With the exception of section 63, there is no provision in the Negotiable Instrument Statute fixing the status of an anomalous endorser who has affixed his signature on the back of a note after its delivery to the payee. Section 64 of said act, has no application to

irregular endorsers after delivery. See Uniform Laws Annotated, Vol. 5, p. 311.

"It is generally held that, if the endorsement is made after the delivery of a note, it is not an original contract but is a contract of guaranty; and this is true where the endorsement is after the maturity of the instrument." See 8 C. J. 83, Rivers v. Thomas, 1 Lea, 649; Uniform Laws Ann., Vol. 5, p. 311; 3 R. C. L., 1225, sec. 447.

Hence, under the facts in this case, we are of the opinion that Mrs. Roskind was a guarantor on said note and as a guarantor she was not released by the failure to make presentment and demand of payment on the maker.

"There is a very material distinction between the liability of an endorser and that of a guarantor. The former undertakes to pay if the debtor does not, the latter undertakes to pay if the debtor cannot. The one is an insurer of the debt and the other of the solvency of the debtor. According to the weight of authority the guarantor of a note is liable, whether there has been a presentment of the note to the promiser and a notice of non-payment to the guarantor or not. He is not discharged by any laches beyond the extent which he has suffered from it. If, when the obligation becomes due, the maker is insolvent, and so continues, the presumption arises that the guarantor is not prejudiced by the failure of the guarantee to demand payment and to give notice that payment has been refused. The guarantor, to escape liability, must show that he has been damaged by the absence of the demand and notice." See 3 R. C. L., 1229, sec. 453; 5 Uniform Laws Ann. pp. 328 and 372, citing authorities; 8 C. J. 531, sec. 743; Shannon's Code, section 3516a44 sub. 3 Notes 2 and 3.

We think that there is enough evidence in the record to show that Mrs. Roskind endorsed the notes for the purpose of becoming guarantor for her son, as the defendant in error stated that he took the notes to Mrs. Roskind and asked her to endorse them. He said that they discussed the matter and finally she agreed to endorse the notes, and told him not to tell her son, Herbert Roskind, about it, because if he knew that she had endorsed the notes he might not pay them but would leave them for her to pay. She endorsed the notes in blank on their backs, and from the evidence in the record, we think it was the intention of the parties that she was to become a guarantor for her son, who was then a minor. This being true, she was not discharged for want of presentment and demand for payment. It will be noted that the first assignment of error does not raise the question of failure to give her notice of non-payment, and that that question is not raised at all. It results that the first as-

signment* of error must be overruled as there is some evidence to sustain the judgment.

The second assignment of error complains that there was no consideration for the endorsement and that she is, therefore, not liable. This assignment of error is not well taken, because it was not raised in the motion for a new trial.

It is essential in order to preserve the right to assign errors in appellate court, to set out in the motion for a new trial errors that occurred at and during the trial on the facts, but not errors that occurred before the trial in the rulings on pleadings. In other words, it is necessary to make a motion for a new trial in all cases except for errors apparent upon the face of the record proper, and the errors relied upon must have been preserved in the motion for a new trial. See 5 Michie's Ency. Dig. 52, sec. 5; Weise Company v. Morgan, 101 Tenn., 272; Railroad v. Smith, 147 Tenn., 453, 455; Board of Equalization v. Railroad, 148 Tenn., 676.

Under our rules it is necessary that the error assigned should have been brought to the attention of the trial court, in a motion for a new trial, so that he might correct the error. He cannot be put in error for some reason not drawn to his attention.

This assignment of error must be overruled.

It results that all the assignments of error are overruled and the judgment of the lower court is affirmed.

Faw, P. J., and DeWitt, J., concur.