PARRISH *v.* WILLIAMS.

(*Jackson,* April Term, 1935.)

Opinion filed June 10, 1935.

O. B. STARNES, of Lebanon, for plaintiff in error.

ADDISON BARRY, of Lebanon, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This record was filed for writ of error to review a judgment of the circuit court for a small sum of money rendered against the defendant below.

The suit was instituted before a magistrate and he gave judgment against the defendant on February 16, 1934. On February 19, 1934, the defendant filed with the magistrate a pauper's oath, in lieu of an appeal bond,

and the papers were returned by the magistrate to the circuit court.

The case came on for hearing in the circuit court, and the minute order recites that "the plaintiff moved the court to dismiss the appeal of the defendant's from the justice's court because the oath which is provided for poor people in lieu of an appeal bond was not filed within the two days required by the statute." This motion was sustained by the court, the appeal dismissed, and the judgment of the justice of the peace was affirmed.

■ The defendant refers the court to the 1934 calendar, which shows that February 16 of that year, the day on which the magistrate rendered judgment, fell on Friday. Section 9019 of the Code allows an appeal from a magistrate's judgment "within two entire days thereafter, Sundays exclusive." February 18, 1934, falling on Sunday, as a matter of course the defendant had all of February 19, 1934, in which to perfect his appeal from the aforesaid judgment.

■■ It is said in behalf of the plaintiff that there was no evidence or showing made to the trial court that February 18, 1934, fell on Sunday, that the almanac exhibited in this court is not part of the record, and in the absence of some proof of the coincidence of February 18, 1934, with Sunday, the point made by defendant is not available.

This is a mistaken view. All courts will take judicial notice of the day of the week upon which a particular day of the month fell. It is said that the almanac is used when such a question arises, not strictly as evidence, but like the statutes for the purpose of refreshing the memory of the court and jury. *State* v. *Morris,* 47 Conn., 179. And it was said by a noted English judge

that the almanac was part of the law of England. *Tutten* v. *Darke*, 5 Hurl. & N., 649. The authorities are reviewed and the law declared as indicated by Judge Hughes in *Cook* v. *Carmichael*, 3 Tenn. App. (3 Higgins), 477. For other cases, see notes, 124 Am. St. Rep., 49, 4 L. R. A., 35.

It is further insisted that this court can afford the defendant no relief from the judgment below because of the failure of the latter to enter a motion for a new trial in the circuit court. A motion for a new trial, however, is not a prerequisite to the review of errors apparent from the record proper—that is, from the pleadings and minute entries. *Nashville, C. & St. L. R. Co.* v. *Smith*, 147 Tenn., 453, 249 S. W., 377; *Board of Equalization* v. *Nashville, C. & St. L. Ry.*, 148 Tenn., 676, 257 S. W., 91.

Section 9,019 of the Code does not authorize the dismissal of an appeal from the magistrate's judgment in the circuit court merely upon a showing that the appeal or pauper's oath was not filed within two days after judgment. It must also appear that "two entire days" were exclusive of Sunday.

Reversed and remanded for further proceedings. Plaintiff will pay the costs of this court, and the costs below will await the outcome.