WILLIAMS *v.* STATE.

(*Knoxville,* September Term, 1942.)

Opinion filed November 7, 1942.

Dodson & Dodson, of Kingsport, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

The defendant was convicted of the unlawful possession of intoxicating liquor, fined $100, and given a thirty days' jail sentence.

On this appeal in error the sufficiency of the evidence to sustain the conviction below is not challenged. Two questions are made by the assignments of error. On the trial below the defendant called for the production of the liquor of which the officers found him in possession. It appeared that the liquor had been poured out after it was taken to the office of the sheriff. The officers testified that they recognized it as intoxicating liquor by its appearance and by its smell.

It is insisted first that, under the best evidence rule, it was incumbent upon the State to produce the liquor itself in court and quite an argument is made in support of this position.

We think this contention can not be sustained. Whiskey of the kind seized by the officers is a familiar article and its identity can be determined by sight, aided either by the sense of smell or by the sense of taste. The best evidence rule is not applicable to things of this nature and the production of such things in court is not required.

In the Third Edition of Wigmore on Evidence, at section 1177 et seq., the author traces the history of this rule and in section 1181 says that it is not applicable to an ordinary uninscribed chattel and that it is "generally

accepted that only documents or things bearing writing can be within the purview of the rule."

In Corpus Juris the following is laid down: "Likewise the best evidence rule does not apply to proof of the nature, appearance and condition of mere physical objects, but these facts may be proved by parol without offering the objects themselves in evidence or accounting for their absence, and even where the objects themselves are present in court. Hence whatever the law may have been in early times, at the present day it can be said to be well settled that the best evidence rule applies exclusively to documentary evidence and this is the view adopted by the more modern writers on the law of evidence." 22 C. J., 980; 32 C. J. S., Evidence, section 782, p. 707.

The best evidence rule relied on by the defendant was held inapplicable in a whiskey case in *Commonwealth* v. *Welch*, 142 Mass., 473, 8 N. E., 342.

The other question made upon the judgment of the lower court is that the identification of the liquor here involved as whiskey was not sufficient, it having been identified only by its appearance and its smell. It was not tasted by the officers.

We have repeatedly held that intoxicating liquor may be identified by the sense of smell and the weight of authority is that such identification may be made by any or all of the senses. See cases collected in a note, 78 A. L. R., 439.

The judgment below is affirmed.