PICKETT COUNTY BEER BOARD *v.* McDOWELL

(*Nashville*, December Term, 1946.)

Opinion filed January 11, 1947.

BEN E. GROCE, of Byrdstown, for Ruth McDowell, plaintiff in error.

SCOTT CAMP, of Sparta, for Pickett County Beer Board, defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This proceeding was brought before the Pickett County Beer Board to revoke the beer license of the defendant. It was revoked by the board, she took the case to the circuit court by writ of *certiorari* and the circuit judge affirmed the action of the beer board. She has appealed in error to this Court.

Motion is made to dismiss the appeal because the record shows that no motion for a new trial was filed and the motion to dismiss must be granted. None of the assignments raised questions which can be disposed of by a consideration merely of the technical record. All the assignments of error find whatever support they may have in the bill of exceptions—in the proof. In such cases coming from a court of law, a motion for a new trial is absolutely essential to a review of the matter in this Court.

The first assignment of error is that the beer board was without legal authority to call the defendant before it because it is said this action was not taken at any legal meeting. So far as the notice itself discloses, there is nothing to support the contention that it was not ordered at a legal meeting of the board. For any support for this proposition it is necessary to look to the proof.

The other assignments of error all challenge the

suffiiciency of the evidence and can not be considered in the absence of a motion for a new trial.

*Board of Equalization et al.* v. *Nashville C. & St. L. Ry.,* 148 Tenn. 676, 678, 257 S.W. 91, is controlling here. That was a proceeding to review an alleged illegal assessment made by the Railroad and Public Utilities Commission. A petition for *certiorari* was granted taking the case to the circuit court and from the judgment in the circuit court there was an appeal to this Court. The procedure was just such procedure as has been followed in the case before us and we held that in the absence of a motion for a new trial the action of the circuit court was not reviewable here. In addition to this authority see Rules of this Court with respect to assignments of error (4) and (5), 173 Tenn. 875, 876.

For the reasons stated, this appeal in error is dismissed.