STATE OF TENNESSEE, Plaintiff in Error,

*v.*

ALVIN McCANDLESS, Defendant in Error.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

THOMAS E. FOX, Assistant Attorney General, for plaintiff in error.

ARTHUR P. NESBIT, MACFARLAND & COLLEY, Columbia, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

After the defendant was put upon trial, and plead not guilty to a charge of unlawfully receiving and possessing intoxicating liquors, and a jury had been empanelled and sworn, a motion was made in behalf of defendant that the whisky referred to in the indictment be brought into court and exhibited. Said motion was by the court granted but the Attorney General for the County excepted and announced that he was unable to produce said whisky because the same had been commingled with other contraband whisky in the possession of the Highway Patrol. Whereupon the court ordered the cause dismissed for failure to comply with said motion by defendant, dismissed the jury and discharged the defendant from custody.

All of the foregoing is reflected by a minute entry signed by the trial judge.

The State has appealed. A motion in behalf of defendant to dismiss the appeal of the State on the ground that no motion for a new trial was filed.

It is insisted in support of said motion that a motion for a new trial was necessary because the judgment of the trial court was the result of a state of facts, which facts consisted of the statement made by the County Attorney who acts in Maury County as the Attorney General; that these facts do not appear from the face of the technical record but only by reason of said appeal order

heretofore referred to. Further, that in such a situation the statement of Judge Cook is applicable which appears in *Board of Equalization v. Nashville, C. & St. L. Ry.,* 148 Tenn. 676, 681, 257 S.W. 91, 93, as follows:

"Where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to or made part of the return to a writ."

We think the motion for a new trial was necessary. In *Parrish v. Williams,* 169 Tenn. 186, 189, 83 S.W.2d 895, 896, it is said:

"A motion for a new trial, however, is not a prerequisite to the review of errors apparent from the record proper—that is, from the pleadings and minute entries." Citing *Nashville, C. & St. L. Ry. Co. v. Smith,* 147 Tenn. 453, 249 S.W. 377; and *Board of Equalization v. Nashville, C. & St. L. Ry.,* 148 Tenn. 676, 257 S.W. 91.

Referring to the latter case, 148 Tenn at page 679 top, 257 S.W. at page 92 wherein *Memphis St. Railroad Co. v. Johnson,* 114 Tenn. 632, 88 S.W. 169, is referred to, it is said that this Court can only review matters which the record shows have been considered and adjudged in the trial court. The errors thus reviewed and corrected fall within two classes, first, errors which appear upon the face of the record proper and second, errors committed by the trial court in acting upon motions for new trial.

*Memphis St. Railroad Co. v. Johnson* further defines the "record proper" as erroneous rulings in sustaining or overruling motions and demurrers challenging the sufficiency of pleadings. It is true that in Gilreath's History of a Lawsuit, 7th Ed., Sec. 431, note 63, a number of cases are cited defining the technical record as consisting only of the process, pleadings and entries on the minutes, but the entries on the minutes do not include matters of evidence which happen to be brought in by such an order as appears in this case or by an order making a bill of exceptions a part of the record, because the latter is not a part of the technical record. See discussion in *Nashville, C. & St. L. Ry. Co. v. Smith,* supra, 147 Tenn. at page 457, 249 S.W. at page 378.

The State suggests that the action of the trial judge in this case was so illegal as to have justified a writ of certiorari. We do not think so. The court had jurisdiction and simply committed an error by the ruling with regard to the necessity for producing the whisky (*Williams v. State,* 179 Tenn. 247, 165 S.W.2d 377), and in dismissing the jury and discharging the defendant from custody. The State could have protected its rights at that time by a motion for a new trial and then appealed.

The motion to dismiss the appeal is accordingly granted.

All concur.