Railroad *v.* McCollum.

RAILROAD *v.* McCOLLUM.

(*Knoxville.* November 17, 1900.)

1. PLEADING AND PRACTICE. *Pleas in abatement and in bar at same time.*

Under the statute authorizing pleas in abatement and in bar successively or at same time, the plea of tender does not overrule or waive a plea in abatement. Tender is a plea to the merits and within the statute. (*Post, pp. 624-626.*)

Act construed: Acts 1897, Ch. 121.

Case cited: Tiernan *v.* Napier, 5 Yer., 413.

2. SAME. *Same.*

Under that provision of the statute authorizing pleas "both in abatement and in bar at the same time," without waiver of the former, which requires that "both pleas shall be heard at the same time, and judgment rendered on each plea," proper practice requires that the jury, in every case, return a verdict on the issues made up on both pleas, even if the plea in abatement is determined in favor of defendant, and that the Judge render such judgment as these findings of the jury demand. (*Post, pp. 626, 627.*)

FROM KNOX.

Appeal in error from Circuit Court of Knox County. Jos. W. SNEED, J.

W. D. WRIGHT for Railroad.

TAYLOR & CULTON for McCollum.

SNODGRASS, C. J. The only question to be determined in this case is whether the Court erred in refusing to allow the plaintiff in error to offer proof in support of its plea in abatement. Issue had been joined on this plea, but the defendant, admitting that it owed the plaintiff below $19.35, amount of overcharge in freight, one of the items of plaintiff's claim, filed a plea of tender accompanied with this amount of money. The Circuit Judge held that the effect of this plea was to overrule the plea in abatement, and declined to allow proof on the plea. Defendant appealed, and assigned this as error.

Against this assignment of error the plaintiff relies on the Act of 1897. This Act is Chapter 121 on page 277 of the published Acts of that year. Its caption is: "An Act to permit a defendant to plead to the merits in any suit where a plea in abatement has been overruled, and to permit a plea in bar to be filed at the same time of the filing of plea in abatement, and to provide how the issues are to be tried." The Act is as follows:

"Sec. 1. *Be it enacted by the General Assembly of the State of Tennessee,* That a defendant has the right, upon the overruling of a plea in abatement for any cause filed by him to any action, to plead to the merits, and rely upon any defenses as if said plea had not been interposed.

"Sec. 2. *Be it further enacted,* That a defend-

ant can, in any suit, plead both in abatement and in bar at the same time, and that said plea in bar is no waiver of the plea in abatement, and when so pleaded, both pleas shall be heard at the same time and judgment rendered on each plea." ·

This Act was passed March 27, 1897, approved April 29, 1897, and took effect from and after its passage.

The Circuit Judge was of the opinion that a plea of tender did not come within the literal meaning of the Act, and that such a plea was a waiver of the plea in abatement. It will be noticed that in the first section defendant was given the right, upon the overruling of a plea in abatement, to plead to the merits and rely upon any defenses as if said plea had not been interposed.

The second is not so broad in its terms, but we think must have the same construction, and that the plea of tender may well be made under the provisions of the Act, without waiving the plea in abatement. The plea of tender is a plea to the merits. "Whatever the law might formerly have been, the plea of tender," as said by this Court in the case of *Tiernan* v. *Napier,* "it is now considered as a fair and honest plea to the merits of the action . . . and as an issuable plea." This was said in answer to the argument that a plea of tender was a dilatory and unfavored plea. 5th Yer., 413.

The spirit and intent of the Act seems to be to do away with the former necessity of standing by pleas in abatement and succeeding or failing upon that defense alone in a single issue, and to give the parties the right to do all their pleading at the same time if they wished.

The Act, we think, needs construction not only on this point, but upon the practice of verdict and judgment on said pleas when they are both in abatement and to the merits.

The question of practice suggested is to be determined by a proper construction of the phrase, "both pleas shall be heard at the same time and judgment rendered on each plea." This says nothing about a verdict, but it must follow that the Act contemplated, there should be a verdict on both pleas, even though the plea in abatement, which should be first considered and acted upon, were determined in favor of the defendant.

When the case is tried by a jury, the jury should, therefore, be instructed to find the issues on the plea in abatement, and though they should find that plea in favor of the defendant, they should, nevertheless, find on the plea to the merits and report. If the Judge understands the finding on the plea in abatement to be correct and approves it, he would thereupon render proper judgment dismissing the suit, and render judgment denying relief on the plea to the merits. Or, rather, he should render judgment in favor of the

Railroad *v.* McCollum.

defendant, dismissing the suit, and by reason thereof decline judgment in favor of either plaintiff or defendant, as the verdict might have indicated on the second plea.

We are of opinion, therefore, that this case should be remanded for a new trial, to the end that defendant might have the opportunity of making his defense on the plea in abatement. In a case of a plea of tender like this, we see no reason why the Court might not, if that issue was found in favor of . defendant, treat this as submission to such judgment by defendant' and declare the plaintiff entitled to the money tendered. Judgment will therefore be reversed and the case remanded for a new trial. The defendant in error will pay the cost of appeal.