Nancy Bailey *v.* American Glanzstoff Corporation.

(*Knoxville*, September Term, 1931.)

Opinion filed October 17, 1931.

ALLEN & ALLEN, for complainant, appellee.

MILLER, MILLER & MARTIN, and C. R. LANGHAMMER, for defendant, appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the court.

This is a proceeding brought by Nancy Bailey against the American Glanzstoff Corporation under the Workmen's Compensation Law, chapter 123 of the Acts of 1919. Her husband was an employee of that corporation and she alleged that his death resulted from accidental injuries arising out of and in the course of his employment. This contention was denied by the corporation.

Proof was heard, the issues found in favor of the petitioner by the chancellor, and an award made by him in favor of the widow. A motion for a new trial was made by the defendant below, overruled by the chancellor, and an appeal in the nature of a writ of error prayed and granted to this court.

In this court the defendant in error asks for an affirmance of the judgment below on the ground that the

transcript contains no motion for a new trial to which this court can look. The motion for a new trial was not set out in the minute order nor was it preserved in the bill of exceptions.

Under like circumstances this court was constrained to hold, under previous decisions, that a motion for a new trial not brought up either in a minute order or in the bill of exceptions could not be considered here. *Chattanooga Iron & Coal Co.* v. *Hansard*, 143 Tenn., 553.

It has also been held in *Mullins* v. *Stave & Lbr. Co.*, 155 Tenn., 132, that in consequence of the provisions of chapter 123 of the Acts of 1919 a motion for a new trial was prerequisite to assigning errors upon questions of fact on appeals in error in compensation cases.

An effort is made to take the present case out of the authority of *Mullins* v. *Stave & Lumber Co., supra,* on the ground that the present case was one tried in the chancery court and the former case was tried in the circuit court. It is urged that the case before us should be reviewed as an equity cause upon appeal in which no motion for a new trial would be necessary. Such procedure, however, cannot be followed.

Section 32 of chapter 123 of the Acts of 1919 first confers jurisdiction of controversies arising under that statute upon the judge or chairman of the county court and then provides for an appeal to the circuit court. Continuing it is enacted that "the cause shall be heard by the circuit judge without a jury and as other nonjury civil cases are heard in the circuit court." The Act then goes on to authorize the party filing a petition in a compensation case, at his option, "instead of filing the same before the county judge or chairman, (to)

file the same as an original petition in either the circuit, criminal or chancery court." It is then ordained that "the issues shall be made in the same manner and the presiding judge shall proceed to hear the case as provided in case of appeal from the county judge or chairman." That is to say the case shall be heard "as other nonjury civil cases are heard in the circuit court." This, whether the petition is filed in the circuit, criminal or chancery court.

The next paragraph of section 32 provides that any party dissatisfied with the judgment or decree of the circuit, criminal or chancery court may "pray an appeal in the nature of a writ of error to the Supreme Court of Tennessee, where the cause shall be heard and determined in accordance with the practice governing other appeals in the nature of a writ of error in civil causes."

In view of the provisions of the Compensation Act just set out, it is impossible to escape the conclusion that the legislature intended all such cases to be tried and to be reviewed as law cases regardless of whether they were heard in the circuit court, the criminal court or the chancery court.

The motion for a new trial was therefore quite as necessary in this cause, heard below in the chancery court, as it would have been had the case been heard in the circuit court or in the criminal court and *Mullins v. Stave & Lumber Co., supra,* is controlling. Counsel undertook to assimilate the trial and review of the compensation case in the chancery court to the trial and review of a divorce case in that court. Procedure, however, in each class of cases is regulated by statute.

The judgment below is affirmed.