J. C. AND S. H. KENNER, COMPLAINANTS, APPELLANTS, *v.* CITY NATIONAL BANK, DEFENDANT, APPELLEE.[1]

*(Knoxville,* September Term, 1931.)

Opinion filed April 9, 1932.

[1]For original opinion, see ante p. 119.

CATE, SMITH, TATE & LONG and STEINMETZ & LOWE, for complainants, appellants.

FOWLER & FOWLER, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Complainants petition the court for a ruling on an assignment of error pretermitted in our opinion.

On the trial of the case below the complainants offered as evidence copy of a sworn claim which the defendant had filed with the sureties on Haun's bond. Among other things this document undertook to set out the demands of the complainants on account of Haun's defalcations and there was included a statement of .

charges against complainants, all as the matters appeared to the defendant at that time. This paper was excluded by the chancellor and by the Court of Appeals.

We think the action of the lower courts was erroneous. The written claim made against the sureties is competent as an admission of defendant's respecting the state of complainants' account. The claim was not made, nor the oath to it taken, in any judicial proceeding, and no question of judicial estoppel arises.

And although an admission be in writing, it is not conclusive, but subject to explanation, and the facts in issue are to be determined from the whole of the evidence. *Gardner* v. *Stanfield's Heirs,* 59 Tenn. (12 Heisk.), 150; *Rice* v. *The Bank,* 26 Tenn. (7 Humph.), 39.

Complainants' petition to rehear is accordingly granted to the extent indicated above.

The defendant has likewise filed a petition for rehearing, making three points.

First. Defendant again insists that there was a concurrent finding of fact by the chancellor and Court of Appeals that Haun was acting as complainants' agent, and not as agent for the bank, in all the dealings between Haun and the complainants.

The Court of Appeals did not find that Haun was acting as agent for the complainants in all his dealings with them. That court found there was a delivery by complainants to Haun of notes amounting to $130,038.40 on October 13, 1920, and of notes amounting to $11,665 on January 3, 1921, and *"Thereafter* complainants seemed to have permitted and authorized Haun to attend to all of their business" and to do the things which, in the opinion of that court, had the effect of making Haun complainants' agent.

We quoted in our opinion from the Court of Appeals as follows:

"But, as stated, it seems to us that having so completely turned over their property and affairs to Haun to handle, invest, reinvest, etc. (acts far beyond the powers of a national bank to perform and engage in), and having permitted him to handle their affairs as his own for eight years, they are chargeable with knowledge and notice that he was acting as their agent and not as the cashier of the bank."

The parenthesis in the quotation explains the finding. It was by their continued sanction of Haun's "acts far beyond the powers of a national bank to perform and engage in" and with respect to such acts that complainants were charged with knowledge that Haun was their agent and not the agent of the bank.

If we still assume, however, that the Court of Appeals found that complainants were dealing with Haun as their own agent in all things, nevertheless, upon reconsideration, that court found complainants *thought* they were dealing with Haun as agent of the bank. Being of this impression, and their dealings being protracted, complainants must have intended to deal with Haun as agent of the bank. As a matter of fact, Haun was the chief executive agent of the bank and undertook to act for the bank in handling complainants' affairs as the receipts witness. Since all parties involved intended that Haun should act as agent of the bank, then he must be regarded as so acting, within the scope of his authority.

The findings of the Court of Appeals set out herein are not challenged by either party. They are consistent if we interpret the Court of Appeals as meaning that complainants made defendant's agent their agent also

and we must so construe the opinion of that court. The legal results of this dual agency are dwelt upon in our opinion.

■ The second proposition in defendant's petition to rehear is that it should be permitted to show whether or not the notes mentioned in the list dated October 13, 1920, were fictitious or had been previously paid or for any reason were void or worthless. We said in our opinion that "the actual value of these notes is open to investigation." This is about as plain as we can make it. Fictitious, void, or worthless notes have no value.

■ The third matter presented in defendant's petition for rehearing is, in general, that this court give more specific directions with reference to the account to be taken than are contained in the opinion heretofore filed. In this request the complainants appear to join.

While this court would be pleased to simplify further proceedings herein as much as possible, we feel that we cannot, with the lights before us, undertake detailed directions as to the reference. Necessarily the accounting ordered will be involved and laborious. We have undertaken to state in our opinion the general principles to be observed. To go further would be to risk an injustice to one party or the other. We cannot anticipate the circumstances that will surround all the charges and credits likely to be claimed and denied herein.

Broadly speaking, as we formerly said, the bank is chargeable with the money for deposit and the notes for collection which complainants can show they delivered to Haun—meaning to Haun as cashier. The bank is to be credited, of course, with withdrawals by complainants themselves and withdrawals by Haun for investment or otherwise for the benefit of complainants. The bank is

to be charged with complainants' balance in the Knoxville Savings Bank when that institution was taken over by defendant.

We adhere to our conclusion that the deliveries of notes to Haun on October 13, 1920, and January 3, 1921, were deliveries to the bank. Although complainants might have made Haun their agent, he was also the bank's agent and assumed to receive these notes on behalf of the bank. The bank can repudiate Haun's undertaking to reinvest the proceeds of the notes, either because of the dual agency or because the undertaking was beyond Haun's authority. Still the bank must account for the notes. Apparently the Court of Appeals found these deliveries took place before complainants clothed Haun with full authority in their business, and we so dealt with such deliveries in our opinion. The result is the same, however, if the dual agency then existed.

The matter of the allowance of interest can be more satisfactorily determined when the case is ready for final decree.

Except as herein indicated, the petitions to rehear will be denied.