HOME INDEMNITY CO. OF NEW YORK *v.* BOGUE.

(*Nashville*, December Term, 1934.)

Opinion filed February 23, 1935.

WINCHESTER & BEARMAN, of Memphis, for plaintiff in error.

J. S. EDMONDSON, of Memphis, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the court.

There was a judgment for the plaintiff in this suit from which defendant has appealed in error. The case having been tried upon the pleadings and statement of counsel, no review of the facts having been required, the appeal came directly to this court.

The case involves workmen's compensation. The petitioner, Bogue, was an employee of a concern in Memphis, and received injuries from an accident arising out of and in the course of his employment. He obtained a judgment against his employer's insurer, the Southern Surety Company of New York. The

Southern Surety Company made payments on his award against it for a number of weeks and until that company went into the hands of a receiver. After the receivership of the Southern Surety Company, defendant, Home Indemnity Company, continued these payments for several weeks, and then discontinued them. The petition herein averred that this particular risk had been reinsured by the. Southern Surety Company with the Home Indemnity Company, and that the latter company had assumed the obligation of the Southern Surety Company to the petitioner. The petitioner called on defendant, Home Indemnity Company, to answer under oath as to the nature of the contract, under which it had assumed this liability, and prayed for judgment against said defendant for the balance of the award remaining unpaid.

The defendant filed an answer under oath in which it denied that it had entered into any contract with the Southern Surety Company by which it (defendant) had assumed the liability of that company to the petitioner.

By certain additional proceedings in the court below the petitioner obtained an order. requiring the defendant to make a more explicit answer to the petition and to file certain papers. The defendant undertook to comply with this order, or orders, and filed the papers.

No proof was introduced by either party. On the strength of the documents filed by .the defendant as above, the court below rendered judgment in favor of the petitioner.

██ Compensation suits are tried as cases at law. *Bailey* v. *American Glanzstoff Corp.*, 163 Tenn., 206, 42 S. W. (2d), 347. A discovery at law, however, is obtainable under section 9868 of the Code, et seq., and under

section 9876 the answer of a defendant "is evidence on the trial of the suit, in the same manner, and with like effect, as an answer to a bill in equity for discovery."

A bill in equity for discovery does not lie against a corporation, because a corporation answers under seal, not under oath, and cannot be indicted for false swearing. *Smith v. St. Louis, etc., Ins. Co.*, 2 Tenn. Ch., 599, 600. If a discovery is sought from a corporation, its officers must be made parties to the suit.

If a corporation, defendant to a suit in equity, answers under the oath of one of its officers, the answer merely makes an issue. The officer is not a party to the case, and the chancery rule that an answer under oath, the bill not waiving the oath, is evidence which it requires two witnesses to overcome has no application. *Van Wyck v. Norvell*, 21 Tenn. (2 Humph.), 192.

As the case went to the court below, the petitioner charged that the defendant had entered into a contract whereby it had assumed the liability of the Southern Surety Company to him. The answer denied this allegation. Nevertheless, there was filed, with the answer, under the circumstances above detailed, a letter from the counsel of defendant to the attorneys and agents of defendant at Memphis as follows:

"The Home Indemnity Company New York
"Home Office 111 John Street, New York.
"May 5, 1932.
"Winchester & Bearman, Bank of Commerce Bldg.,
Memphis, Tenn.
"Claim 331-255
331-521
331-394
231-143

"Gentlemen: In reply to your letter of April 27th we wish to advise that the above mentioned claims are involved in the reinsurance agreement between the Southern Surety Company and the Home Indemnity Company and should be handled as Home Indemnity matters ·in the usual way.

"All other claims mentioned in your letter are strictly Southern Surety matters in which the Home Indemnity Company have no interest whatever. Thanking you to be· governed accordingly.

"Yours very truly,
[Signed] Anthony Bruce, Counsel."

Claim 331-255 was the claim of petitioner Henry Bogue. In addition to the above letter, copies of four checks issued by defendant in favor of Henry Bogue were filed by the defendant. These checks recited that they were issued in payment of claim No. 331-255.

It was averred in the answer that this letter was written through a mistake of counsel. It was conceded, however, that the writer of the letter was counsel for the company and was in charge of and had supervision of such matters as the settlement of petitioner's claim.

The letter of the company's counsel above filed is an admission of an agent within the scope of his authority, about a matter under his supervision, which was competent evidence against defendant. The admission was not conclusive, but subject to explanation or even denial. *Kenner* v. *City National Bank,* 164 Tenn., 288, 47 S. W. (2d), 756. It was, however, incumbent upon defendant to explain or contradict this evidence in order to escape its effect. No such effort was made by defendant.

The averments of the petition being sustained by some

evidence and the denial of the answer being supported by no evidence, the trial judge properly rendered judgment in favor of the petitioner, and that judgment is affirmed.