ALLEN v. CHEROKEE MOTOR COACH CO., INC.—100 S. W. (2d) 241.

Middle Section. July 25, 1936.

Petition for Certiorari denied by Supreme Court, January 16, 1937.

447

Harry J. Schaeffer, of Chattanooga, for Coach Company.

C. C. Jackson, of Murfreesboro, for Allen.

FAW, P. J. This case was (on appeal from a justice of the peace) tried to a jury in the circuit court of Rutherford county, and the jury "found their verdict in favor of the plaintiff Dr. E. B. Allen, and found the amount of his recovery in the sum of $256, and against both defendants;" whereupon the court adjudged that "the plaintiff Dr. E. B. Allen have and recover of the defendants, J. B. Levan and Cherokee Motor Coach Company, the sum of $256 and all the costs of this cause," for which execution was awarded.

The action of the trial court on motions of defendants for a new trial and the exception thereto and appeal therefrom by one of the defendants is disclosed by a minute entry as follows:

"This cause came on to be heard on this 6th day of January, 1936, before the Honorable T. L. Coleman, Judge, upon motions for a new trial filed by the defendants, and after hearing argument for plaintiff and defendants the Court is of the opinion and so holds that the motion of J. B. Levan should be and is by the Court sustained and the defendant J. B. Levan, is hereby awarded a new trial, on the first ground set out in the motion, but the Court is of the opinion and so holds that the motion of the Cherokee Motor Coach Company is not well made and is by the Court overruled and disallowed, to which action of the Court in overruling and disallowing said motion, the defendant Cherokee Motor Coach Company excepts and prays an appeal to the present term of the Court of Appeals sitting at Nashville, which is granted, and the defendant Cherokee Motor Coach Company is given thirty days from this date to prepare and file its bill of exceptions, provided it lodges same with the Clerk of this Court, or adversary counsel, within twenty-two days from this date. The defendant Cherokee Motor Coach Company is given twenty-two days from this date to file an appeal bond."

The Cherokee Motor Coach Company perfected its appeal and assigned errors in this court.

The appeal of Cherokee Motor Coach Company "must be construed to mean an appeal in error," as a simple appeal does not lie from a judgment at law. Spalding v. Kincaid, 1 Shan. Cas., 31; Manley v. Chattanooga, 1 Tenn. App., 65.

According to the usual practice, this case should be now styled Cherokee Motor Coach Company v. Dr. E. B. Allen, as the Coach Company is the plaintiff in error, but, in order to avoid possible confusion, we have (in the caption of this opinion) styled the case as it is entered on the dockets of this court.

Before the hearing in this court, a motion was filed on behalf of the defendant in error, Dr. Allen, to affirm the judgment of the circuit court on the ground that no motion for a new trial was spread on the minutes of the trial court or preserved in the bill of exceptions; and so we find the record. There is a document copied into the transcript which, from its contents, purports to be a motion for a new trial, but it is neither on the minutes nor in the bill of exceptions, and therefore cannot be considered for any purpose on this appeal. Chattanooga Iron & Coal Company v. Hanssard, 143 Tenn., 553, 226 S. W., 1045; Bailey v. American Glanzstoff Corporation, 163 Tenn., 206, 42 S. W. (2d), 347.

It is insisted on the brief for plaintiff in error and at the bar that "the appeal of the plaintiff in error is predicated entirely upon the record proper and is not dependent upon either the motion for a new trial or bill of exceptions." For support of the proposition just stated, it is said that the plaintiff in error seasonably filed its plea in abatement before the justice of the peace, which plea was overruled and disallowed by the justice of the peace; that upon appeal to the circuit court plaintiff in error moved in said court for a judgment upon said plea; that the defendant in error failed to join issue on said plea and it was submitted to the court for determination; and that the trial judge upon hearing the argument overruled and disallowed said plea.

The record discloses no action of the justice of the peace upon the plea in abatement other than such as may be inferred from his judgment in favor of plaintiff Allen and against defendants for $256 and costs. The proceedings with respect to said plea in abatement in the circuit court will be hereinafter stated.

The plea in abatement above mentioned was as follows:

"Comes the defendant, Cherokee Motor Coach Company, and for plea in abatement says that it is a corporation organized under the laws of Tennessee, with its main or principal office located in the City of Chattanooga, Hamilton County, Tennessee; that the original summons in this cause was served upon J. B. Levan, an individual and resident of Hamilton County, Tennessee, while he was attending court as a witness before the Honorable J. E. Stockard, Justice of

the Peace for Rutherford County, Tennessee; that later the warrant was amended so as to make the defendant, Cherokee Motor Coach Company, a party to this cause and a counter-part summons issued to Hamilton County, Tennessee, and was served upon the defendant, Cherokee Motor Coach Company; that the said J. B. Levan is neither a necessary nor a proper party to this suit; that he never has been nor is he now in any wise indebted or liable to the plaintiff for the account sought to be collected in this suit; that he is no way connected with said suit nor has he any interest therein, as an individual, and was named as such defendant for the fraudulent purpose of providing a nominal defendant to enable this Court to obtain jurisdiction of the defendant, Cherokee Motor Coach Company, in a transitory action.

"Wherefore, the defendant, Cherokee Motor Coach Company, says that plaintiff has no right to maintain this action against it and prays that it may be abated."

It is seen that the aforesaid plea in abatement tendered an issue of fact. The plaintiff in error also filed (in the court of the justice of the peace) a plea of former suit pending, and later, before the trial in the circuit court, filed a plea of the statute of frauds.

It does not appear from the record that a ruling of the trial judge upon the sufficiency of the plea in abatement was at any time made or invoked.

■ ■ The aforesaid pleas, including the plea in abatement, tendered issues of fact properly triable by a jury (Railroad Co. v. McCollum, 105 Tenn., 623 626, 59 S. W., 136), and, under the Code (section 8756), it was proper that they all be heard at the same time by the jury (Railroad Co., v. McCollum, supra).

It does not appear from the record that the defendant in error (plaintiff below) filed a replication to the aforesaid plea in abatement, or to either of the pleas, but it is evident from the bill of exceptions that the trial court and the parties, through their attorneys, proceeded with the trial before the jury upon the assumption that issue had been joined upon the pleas, including the plea in abatement. Proof on the issue tendered by the plea in abatement (along with proof on the issues tendered by the other pleas) was introduced before the jury without objection, and, at the close of all the evidence (as pointed out in one of the briefs for plaintiff in error), the attorney for the defendants below presented a motion for a directed verdict, as follows:

"I want to renew my motion for the Court to sustain my pleas on all the evidence; and I move the Court for a directed verdict as to Mr. Levan, individually, on his plea that he was served with process while he was attending Court as a witness. I move the Court for a directed verdict for Cherokee Motor Coach Company on

450

the ground that the counterpart summons served on it was not valid, because the original summons was served on Mr. Levan, who was not a proper or material defendant. I move the Court for a directed verdict on my plea in bar for Cherokee Motor Coach Company to the effect that there was a former suit pending between the same parties upon the same subject matter, which said suit was a bar to this one. I move the Court to direct a verdict upon the plea in bar of the Cherokee Motor Coach Company, that it never executed any writing or promises in writing or note, nor were such executed by anybody for it, to be bound for this debt of Mr. Ford's. I want to move the Court for a directed verdict under the plea in bar stating the same grounds for Mr. Levan individually."

The case having been thus tried below, a formal joinder of issue was waived, for it is now very generally held that, "where the case is tried on the theory that certain issues have formally been raised, it cannot be objected for the first time on appeal that such issues were not in fact joined by reason of the absence of an answer, plea or replication by which they properly should have been raised."

2 R. C. L., pp. 81, 82, par. 55.

The assignments of error in this court are, each and all, directed, in express terms, to the action of the trial court in overruling specified grounds of plaintiff in error's motion for a new trial below, including an assignment that "The Circuit Judge erred in overruling and disallowing the plaintiff in error's motion for new trial on the ground: 'the Court erred in overruling Cherokee Coach Company's motion for a directed verdict upon its plea in abatement, at the conclusion of the evidence;' " and also another assignment that "The Circuit Judge erred in overruling and disallowing the plaintiff in error's motion for a new trial on the ground: 'the proof clearly and preponderantly showed that J. B. Levan was not a material or proper party, but was made so fraudulently to obtain jurisdiction of this defendant (Cherokee Motor Coach Company) by counter-part process.' "

But, as no motion for a new trial was preserved for the purposes of the appeal, we cannot consider the assignments of error. It results that the judgment of the circuit court is affirmed, and judgment will be entered here in favor of defendant in error Allen and against plaintiff in error Cherokee Motor Coach Company for $256, with interest thereon from the date of the final judgment below (January 6, 1936) and for the costs accrued in the lower courts. The costs of the appeal will be adjudged against plaintiff in error Coach Company and the surety on its appeal bond.

Crownover and DeWitt, JJ., concur.