FRIERSON v. SMITHSON.—113 S. W. (2d) 778.

Middle Section. September 4, 1937.

Petition for Certiorari denied by Supreme Court, February 12, 1938.

Goodpasture & Carpenter, of Nashville, for plaintiff in error.
Walker & Hooker, of Nashville, for defendant in error.

FAW, P. J. Mrs. John S. Frierson, defendant below, has brought this case to this court by an appeal in the nature of a writ of error from a judgment of the Second circuit court of Davidson county, for $6,000 and costs, against her and in favor of Mrs. Robbie Smithson, plaintiff below.

The aforesaid judgment was rendered upon the verdict of a jury in an action by Mrs. Robbie Smithson, as surviving widow of J. W. Smithson, against Mrs. John S. Frierson and R. L. Marable, for the alleged wrongful and unlawful death of plaintiff's said husband, which, the plaintiff averred, was proximately caused by the combined or concurrent negligence of the two defendants.

At the close of plaintiff's evidence in chief, the trial judge directed the jury to return a verdict in favor of the defendant R. L. Marable,

which was done, and judgment was entered dismissing the action against Marable and adjudging the costs incident to making him a defendant against the plaintiff Mrs. Smithson.

A motion for a directed verdict on behalf of Mrs. Frierson, made at the close of plaintiff's evidence and renewed at the close of all the evidence, was overruled, and the case was submitted to the jury and the jury found the issues in favor of the plaintiff and assessed her damages at $6,000, whereupon judgment was entered on the verdict as before stated.

For convenience, we will refer to Mrs. Smithson as plaintiff and to Mrs. Frierson as defendant; such being the respective positions of the parties on the record below.

Plaintiff moved for a new trial on the ground of alleged inadequacy of the verdict, which motion was overruled, and plaintiff prayed and was granted an appeal in error, but she did not perfect her appeal, and is not now complaining of the verdict or judgment.

Defendant Mrs. Frierson also moved for a new trial, but her motion was overruled, and she thereupon prayed, obtained, and perfected an appeal in the nature of a writ of error to this court, and has assigned errors here.

At the threshold of the investigation of this case, it is necessary for us to consider a motion (or two motions) on behalf of the plaintiff, Mrs. Smithson (defendant in error here), as follows:

"I. Comes the defendant-in-error, Mrs. Robbie Smithson, and moved the Court to strike from the transcript or record in this case what purports to be a motion for a new trial filed on behalf of the defendant below and the plaintiff-in-error in this Court, Mrs. John S. Frierson, appearing on pages 216 and 217 inclusive of the record, for the reason that the same is not sufficiently identified therein; and in support of said motion defendant-in-error files herewith a certified copy of that part of the original bill of exceptions calling for the inclusion in the transcript of said motion for a new trial.

"II. Said defendant-in-error moves the Court to affirm the judgment of the Circuit Court in this case, for the reason that no error is apparent on the face of the technical record, and no error will be considered in this Court, under its rules, unless it affirmatively appears 'that the same was specifically stated in the motion made for a new trial in the lower court, and decided adversely to the plaintiff-in-error, but will be treated as waived;' and since there is no motion for a new trial to which the Court may look or consider, the judgment of said Circuit Court must be affirmed. Rule 11, Sec. (5), Vol. XI Tenn. App. Reports, p. III."

· The defendant's motion for a new trial was not copied on the minutes of the trial court. An entry appears on the minutes of that court (at page 18 of the transcript), under date of December 12, 1936, as follows:

"This cause came on to be heard upon a written motion of the defendant, Mrs. John S. Frierson, for a new trial in this case, which motion has heretofore, been marked filed by the Clerk on December 2, 1936, and by the Court ordered made a part of the record in this case; and

"Upon argument of counsel and due consideration thereof, the Court takes said motion under advisement until a future day of this term of Court."

Another (and the only other) minute entry below, with reference to defendant's motion for a new trial, appears under date of December 18, 1936 (on page 20 of the transcript), as follows:

"This cause came on this day as well as upon a former day of this term of Court upon a written motion of the defendant, Mrs. John S. Frierson, for a new trial in this case, which motion has heretofore been marked filed by the Clerk on December 2, 1936, and by the Court ordered made a part of the record in this case; and

"Upon due consideration thereof, the Court overrules said motion.

"To the action of the Court in overruling said motion, the defendant, Mrs. John S. Frierson, excepts and prays an appeal in the nature of a writ of error to the Court of Appeals sitting at Nashville, Tennessee, which appeal is by the Court granted upon the defendant, Mrs. John S. Frierson, executing an appeal bond conditioned as required by law, or taking the oath prescribed by law for poor persons.

"The defendant, Mrs. John S. Frierson, is allowed thirty days from this date within which to execute and have filed her appeal bond conditioned as required by law, or take the oath prescribed by law for poor persons, prepare and have filed her bill of exceptions, and to otherwise perfect her appeal in this case."

The transcript of the bill of exceptions originally filed in this court contained (on pages 216 and 217 thereof) a motion for a new trial on behalf of defendant Mrs. Frierson, in which motion was set forth eight alleged grounds (separately numbered) upon which a new trial was sought.

In support of her aforesaid motion "to strike from the transcript or record what purports to be a motion for a new trial filed on behalf of the defendant below," etc., the plaintiff has filed a supplemental transcript with a certificate of the clerk of the circuit court of Davidson county thereto, as follows:

"Motion for a new trial.

"The defendant Mrs. John S. Frierson, through her counsel, comes and moves the Court for a new trial, upon the following grounds:

"(Here copy motion in full)."

"State of Tennessee—Davidson County.

"I, Hugh Freeman, Clerk of the Circuit Court of Davidson County, Tennessee, do hereby certify that the foregoing is a true and correct copy of all and every part of the original bill of exceptions in the case of Mrs. Robbie Smithson, Plaintiff, vs. Mrs. John S. Frierson et al., Defendants, as the same appears of record in said Court, in my office, which calls for or directs the incorporation or inclusion in the bill of exceptions or the transcript in said case of, or that relates to, the motion for a new trial of Mrs. John S. Frierson in said case.

"And I further certify that said motion for a new trial in said case, made by said defendant Mrs. John S. Frierson, a copy of which appears on pages 216 and 217 inclusive of the transcript in this case, does not contain on any part thereof the signature of the Trial Judge, or any identification by the Trial Judge, and that said motion for a new trial was not entered on the minutes, the only references to said motion for a new trial of said defendant, Mrs. John S. Frierson, appearing on pages 18 to 20 inclusive of the transcript.

"In testimony whereof, I hereunto subscribe my name and affix the seal of said Court, at office, in Nashville, Tennessee, on the 14th day of June, in the year One Thousand Nine Hundred and Thirty-seven, and in the One Hundred and Sixty-first Year of American Independence.

"Hugh Freeman, Clerk."

It thus appears that, although defendant Mrs. Frierson filed a written motion for a new trial below, such motion was not copied on the minutes of that court, and was not in the bill of exceptions when the bill of exceptions was signed and authenticated by the trial judge, and the motion, purporting to be defendant's motion for a new trial, which the clerk copied into the transcript, was not in any manner identified by the trial judge as a part of the bill of exceptions.

It is obvious that, with reference to defendant's motion for a new trial, the bill of exceptions was a "skeleton," and, under well-settled rules, we are compelled to strike said motion for a new trial from the transcript.

In order to make extraneous matters a part of the record, they must be examined by the trial judge, and authenticated by his signature in such manner as to make their identity certain. Parts of a bill of exceptions may be in the form of exhibits to be inserted in their proper places, according to the directions given therein; but all of the bill of exceptions, whether in one or more documents, must be present and examined when it is signed by the judge, and the several papers to be copied must be so marked as exhibits that no mistake in their identity can be made, and it must not be left to the clerk, or other person, to determine what

constitutes any part of the record. When extrinsic matters, which can only be made part of the record by bill of exceptions, appear in the transcript without proper authentication, they cannot be considered by an appellate court, but will be stricken out when called to its attention. Battier v. State, 114 Tenn., 563, 86 S. W., 711; Railway & Light Co. v. Marlin, 117 Tenn., 698, 99 S. W., 367; Wynne v. Edwards, 7 Humph., 418, 26 Tenn., 418, 419; Ivy v. Bain, 2 Tenn. Civ. App., 626; Cosmopolitan Life Insurance Co. v. Woodward, 7 Tenn. App., 394; Hayes & Chunn v. Holland, 11 Tenn. App., 490.

Where the minutes of the trial court show that a motion for a new trial was filed and was overruled by the court, but such motion was not spread upon the minutes of that court, nor preserved by a bill of exceptions, it forms no part of the record on appeal, and cannot be considered by the appellate court. Chattanooga Iron & Coal Co. v. Hanssard, 143 Tenn., 553, 226 S. W., 1045; Bailey v. American Glanzstoff Corporation, 163 Tenn., 206, 42 S. W. (2d), 347; Hayes & Chunn v. Holland, supra.

It is argued on behalf of defendant, that, inasmuch as the minutes of the trial court showed, not only that defendant filed a written motion for a new trial, but also that the trial court ordered same "made a part of the record in this case," that this was sufficient to authorize the insertion of the motion in the bill of exceptions.

It is quite clear that defendant filed a motion for a new trial which, when filed, became a part of the record of the case in the court below; but it does not follow from this that the purported motion for a new trial which the clerk copied into the bill of exceptions, without identification by the trial judge, is a part of the record for the purposes of the appeal.

"It must not be left to the clerk or other person to determine what constitutes any part of the record" (Battier v. State, 114 Tenn., 563, 568, 86 S. W., 711, 712); but "the authentication of all matters going to make up and constitute the record must be by the trial judge, and by him in the exercise and discharge of his judicial functions; and no one else can perform that service for him, nor can he delegate it to any one else." (Railway & Light Co. v. Marlin, 117 Tenn., 698, 705, 99 S. W., 367, 368). Lyon v. Crabtree, 16 Tenn. App., 42, 45, 64 S. W. (2d), 24.

It has been held that, unless the bill of exceptions has been duly authenticated by the trial judge's signature, it cannot be treated as part of the record, although there be a recital in the record that the bill of exceptions had been signed by the judge and made part of the record. State v. Hawkins, 91 Tenn., 140, 18 S. W., 114.

The case of Granert v. Bauer, 17 Tenn. App., 370, 67 S. W. (2d), 748, 749, cited for defendant, is not in conflict with the rules we have stated above. In that case, the motion for a new trial was "properly contained in the bill of exceptions," and the

bill of exceptions was "duly signed by the trial judge." In the case now before us, there was no motion for a new trial in the bill of exceptions when it was signed by the trial judge, and the direction therein to "Here copy motion in full" was an attempt to delegate to the clerk the right to determine what particular document should be copied into the bill of exceptions as the defendant's motion for a new trial. It is clearly held in the cases we have cited that this cannot be lawfully done.

The learned and able counsel for defendant say, in their reply to plaintiff's motion to strike, etc., that this court said in our opinion in the case of Metropolitan Life Insurance Co. v. Bush, filed September 7, 1935 (unreported because no petition for certiorari was filed), that "where the motion for a new trial was preserved in the bill of exceptions and ordered by the Trial Court copied in the transcript, and was actually copied therein, that that was sufficient." The only statement in the opinion last mentioned which counsel could possibly have had in mind is as follows: "Although the Minutes recite that a motion for a new trial was made by defendant (plaintiff in error here) and overruled by the Trial Court such motion is not a part of the record for the purposes of the appeal, and cannot be considered by this Court, unless it is either spread on the Minutes or preserved by the bill of exceptions."

A motion for a new trial that is neither in the bill of exceptions when it is signed by the trial judge nor properly identified by the trial judge as a part of the bill of exceptions, is not "preserved by the bill of exceptions."

All of the assignments of error in this court (including the assignment that the trial court erred "in failing and refusing to sustain the special plea in abatement of the defendant, Mrs. Frierson, to the jurisdiction of the court, filed at the conclusion of plaintiff's proof") depend upon matters of fact, and, in the absence of a motion for a new trial, duly preserved as a part of the record for the purposes of the appeal, the assignments of error present no question which can be considered by this court; and plaintiff's motion to affirm the judgment must, therefore, be sustained. Allen v. Cherokee Motor Coach Co., 20 Tenn. App., 446, 100 S. W. (2d), 240; Rules of Supreme Court (rule 14, subsec. 5); Rules of Court of Appeals (rule 11, subsec. 5); Railroad v. Johnson, 114 Tenn., 632, 640, 88 S. W., 169; Jacks v. Williams-Robinson Lumber Co., 125 Tenn., 123, 140 S. W., 1066; McCommon v. State, 130 Tenn., 1, 18, 168 S. W. 581.

It results that the judgment of the circuit court is affirmed, and judgment will be entered here in favor of plaintiff Mrs. Smithson, and against defendant Mrs. Frierson, for the sum of $6,000, with interest thereon from the date of the final judgment below (December 18, 1936), and for the costs of the cause accrued in the cir-

cuit court, except the costs there adjudged against the plaintiff as hereinbefore stated.

The costs of the appeal will be adjudged against defendant Mrs. Frierson and the surety on her appeal bond.

Crownover and Felts, JJ., concur.