ROBERT E. O'KEEFE, Plaintiff in Error, v. ROBERT D. WALKER, Defendant in Error. —350 S. W. (2d) 295.

Western Section, at Jackson. July 28, 1961.

Certiorari Denied by Supreme Court October 20, 1961.

52

C. M. Murphy, Memphis, for plaintiff in error.

John R. Gilliland, Memphis, for defendant in error.

BEJACH, J. In this cause, Robert E. O'Keefe, who was plaintiff in the lower court, appeals in error from the verdict of a jury and judgment thereon in the Circuit Court of Shelby County, in favor of the defendant, Robert D. Walker. Parties will be referred to, as in the lower court, as plaintiff and defendant, Robert E. O'Keefe having been the plaintiff, and Robert D. Walker the defendant. Suit was filed in the lower court by plaintiff to recover damages for personal injuries and property damage resulting from a collision between automobiles owned and driven by the parties hereto. The collision occurred May 3, 1960 shortly after midnight at the intersection of Miller Street and Waldorf Avenue in the City of Memphis. Plaintiff was seriously injured in the collision and has become a paraplegic as a result of same. Incident to the accident his memory was temporarily blotted out, with the result that as a witness in his own behalf, he was unable to tell what happened at the moment of impact. Plaintiff and defendant were the only eyewitnesses to the accident. As part of the plaintiff's proof he read in evidence the discovery deposition of the defendant taken prior to the trial.

The accident occurred in the northwest corner of Miller Street and Waldorf Avenue. At the time of the accident,

plaintiff was traveling west on Waldorf, and defendant was traveling south on Miller. The intersection of Miller Street and Waldorf Avenue is an open intersection, which is to say that there are no traffic lights nor other traffic signs. Miller Street is 24 feet wide, and Waldorf Avenue is 23 feet and 7 inches wide at this intersection. The view was to some extent obstructed. After the collision, the defendant's car was still partially in the intersection, and the plaintiff's car was west of the intersection of Waldorf Avenue, near the south curb, 76 feet from the point of impact and 64 feet from the west curb of Miller Street. Defendant's car left skid marks 38 feet up to the point of impact, but plaintiff's car left no skid marks, according to the testimony of the police officers who investigated the accident.

The plaintiff testified that he left his work about 4:30 P.M., met a friend, and went to a cafe at about 5:00 o'clock, where they stayed until about 8:00 o'clock, had "a couple of sandwiches and several beers", after which they went back to the place of plaintiff's employment. At the time of the accident, the plaintiff was about two miles from home, and headed in the direction away from home. The defendant testified that he had been to church and was taking his wife's 11 year old niece, who had been staying with his children, back to her home. He said that he was traveling south on Miller Street, driving at a speed of between 30 and 35 miles per hour, that he saw plaintiff's car coming west on Waldorf, and that both cars were about the same distance from the intersection; whereupon he applied his brakes hard, but was unable to stop before striking the plaintiff's car. The defendant estimated the speed of plaintiff's car, just before the accident, as being about 50 miles per hour. The investi-

gating officers testified that they smelled alcohol on plaintiff's breath, and that he told them that he had had "several beers". Defendant filed a plea of "Not Guilty", but did not specifically plead "Contributory Negligence".

As stated above, the jury returned a verdict in favor of the defendant; after which, plaintiff moved for a new trial, which motion was overruled, and he has perfected his appeal in the nature of a writ of error to this court.

In this court, defendant, as appellee, has moved to strike plaintiff's assignments of error and dismiss his appeal because said assignments of error fail to comply with Rule 11 of the Rules of this Court. Counsel for plaintiff stated at the argument in this court that this was his first case in this court. The court is therefore disposed to be lenient with plaintiff and his counsel, and to consider the appeal on its merits. The motion to strike the assignments of error is accordingly denied; but denial of the motion to strike the assignments of error does not eliminate the requirement that plaintiff, as appellant, must, in this court, limit the errors complained of to those which were set out in his motion for new trial in the lower court. Swift & Co. v. Rogers, 6 Tenn. Civ. App. 124; National Life & Accident Ins. Co. v. Atwood, Tenn. App., 194 S. W. (2d) 350; Frierson v. Smithson, 21 Tenn. App. 591, 113 S. W. (2d) 778; Barnes v. Noel, 131 Tenn. 126, 174 S. W. 276.

Plaintiff, as appellant, has filed in this court twelve assignments of error. Assignments I, VI, X, XI, and XII complain of the refusal of the trial judge to give special instructions requested by counsel for plaintiff. Assignments of error VII, VIII and IX complain affirmatively of portions of the trial judge's charge, as given.

Assignments II, III, IV and V complain of the trial court's refusal to sustain plaintiff's contention that, since defendant had filed only a plea of "Not Guilty", he could not rely on the defense of contributory negligence.

■ The assignments of error which complain of the failure of the trial judge to give special instructions requested on behalf of plaintiff are, in plaintiff's motion for new trial, covered only in a very general way. Some of these are not technically and completely accurate, and some are adequately covered by the general charge of the court. In any event, it does not affirmatively appear, on the record before us, that any one or more of these special instructions, even if given, would have changed the result of the trial. Under the provisions of our "Harmless Error" statute, section 27-117, T. C. A., it follows, therefore, that we could not, under any circumstances, reverse the instant case because of failure of the trial judge to give any or all of said special instructions. Assignments of error I, VI, X, XI, and XII are accordingly overruled.

■ Assignments of error VII, VIII, and XI complain of portions of the charge of the trial judge, as given by him. Those portions complained of deal with that part of the judge's charge which dealt with the respective rights of automobiles approaching an intersection at about the same time. It is the contention of plaintiff's counsel that the physical facts show that plaintiff's automobile entered the intersection first, and he, therefore, contends that such fact gave to plaintiff the right of way over defendant and made it improper for the judge to leave it to the jury to determine whether plaintiff, approaching at a greater rate of speed than defendant, was guilty of contributory negligence in thus entering first

into the intersection. We have carefully read the entire charge of the learned trial judge, and we think it correctly stated to the jury the law applicable to the facts of the instant case. The parts of the charge complained of by plaintiff's assignments of error have been expressly approved by this court in the opinion written by former Presiding Judge, Anderson, in the case of Shew v. Baily, 37 Tenn. App. 40, 260 S. W. (2d) 362. These assignments are, therefore, in our opinion, without merit, as set out in assignments of error VI, VIII, and IX, all of which are hereby overruled.

▮ Assignments of error II, III, IV and V cover plaintiff's contention that defendant was not entitled to rely on the defense of contributory negligence, because no plea of "Contributory Negligence" had been filed. No motion was made by plaintiff to require defendant to plead his defenses specially. Consequently, defendant, under his plea of the general issue, namely, that of "Not Guilty", was entitled to introduce evidence tending to show and to rely on contributory negligence on the part of plaintiff. Caruthers, History of a Lawsuit, 7th Ed., section 221, pp. 256-257; Tenn. Procedure in Law Cases, sections 70-73, pp. 29-31, sections 581, 582, pp. 235, 236; Plowman v. Forster, 46 Tenn. 52; Illinois Cent. R. Co. v. Wade, 1 Tenn. Civ. App. 780; Sing v. Headrick, 34 Tenn. App. 187, 236 S. W. (2d) 95. Assignments of error II, III, IV and V must, therefore be overruled.

It results that the judgment of the lower court in favor of the defendant will be affirmed at the cost of the plaintiff.

Avery, P. J. (W.S.), and Carney, J., concur.